THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERTO MIGUEL JUNCO, Appellant.

First Department, January 8, 1974.

*Horace P. Rowley, III,* for appellant.

*T. James Bryan* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.*  James Walls and Gilbert O. Miguel Junco were convicted after trial (McQuillan, J., and a jury) of criminally selling a dangerous drug in the first degree (Penal Law, § 220.44, repealed by L. 1973, ch. 276, § 18), a Class A felony, and related lesser crimes.  The conviction grew out of the sale of 2 kilos of opium base, one eighth of a kilo of heroin and one half of a kilo of cocaine to undercover agents of the Narcotics Division of the New York City Police Department and the Federal Bureau of Narcotics and Dangerous Drugs, for the purchase price of $54,000.

While Walls was immediately apprehended on the street where the sale took place, Junco and the third defendant, Anthony Ruggiero, attempted to escape in an automobile, which resulted in a pursuit through the Lincoln Tunnel, during which a shotgun was apparently fired by Ruggiero.  It is to be noted that Ruggiero did not proceed to trial, having entered a plea of guilty to criminally selling a dangerous drug in the second degree (Penal Law, § 220.40, repealed by L. 1973, ch. 276, § 18), a Class B felony.  Ruggiero, who was subject to a prison term not to exceed 25 years (Penal Law, § 70.00, subd. 2, par. [b]), was in fact sentenced to a term of imprisonment of not less than one (Penal Law, § 70.00, subd. 3), nor more than 15 years.  The Class A felony for which Junco and Walls were convicted after trial, however, carried a minimum term of not less than 15 nor more than 25 years (Penal Law, § 70.00, subd. 3, par. [a]), with a maximum of life imprisonment (Penal Law, § 70.00, subd. 2, par. [a]).  Walls was sentenced for that crime to a term of 15 years to life, while Junco was sentenced to a term of 20 years to life.

The entire court is in agreement that the proof of guilt was established beyond any reasonable doubt and that the conviction should be sustained.  Nor is there disagreement that the crimes charged were of the most serious nature and required severe punishment.  The dissent's characterization of the

crimes as involving "heinous and substantial illicit drug trafficking," accords with the sentiments expressed by the trial court upon sentencing, as follows: "Nothing is more destructive to a community's well being than widespread drug abuse. More young people in our city die from drug abuse than from any other single cause. Hard drugs are indeed a cancer to our community. Society has mounted a massive effort to blot out this destructive evil." Yet, the dissent is of the view that defendant Junco was treated unfairly, not because the sentence imposed upon him was in and of itself excessive, but because the codefendants received lesser terms of imprisonment. Accordingly, the dissent concludes that "simple justice cries out as a bare minimum that Junco's sentence be no greater than Walls '."

Generally, a determination as to what constitutes an appropriate sentence is a matter resting within the sound discretion of the trial court and the sentence imposed by that court should not be reduced on appeal unless there was a clear abuse of discretion (see *People* v. *Dittmar,* 41 A D 2d 788; *People* v. *Caputo,* 13 A D 2d 861). And within its discretion the trial court may "vary the sentences of [a] defendant and his codefendant depending on the differing circumstances involved" (*People* v. *Turley,* 38 A D 2d 769). Such rules are a recognition of the fact that a trial court is in the most advantageous position to determine the proper sentence, having observed the defendant and being intimately familiar with the facts and circumstances underlying the conviction (see Appellate Review of Sentences, Hon. LEO BREWSTER, 40 F. R. D. 79). It is apparent that the trial court herein acted well within the bounds of discretion, and imposed varying sentences on each of the defendants only after full consideration of the facts as proven at the trial and of other relevant circumstances properly to be taken into account in arriving at a fair sentence. Indeed, the dissent does not dispute any of the reasons stated by the trial court for the sentences imposed.

With respect to Ruggiero, who is not a party to the present appeal, it is to be noted that on a prior appeal this court rejected the contention that the judgment imposed upon that defendant was excessive. It does not necessarily follow, however, from that affirmance that any different result would have been reached had Ruggiero's sentence involved the imposition of a greater minimum sentence. This court's jurisdiction to review a sentence does not include the power to increase. Nevertheless, the sentence which was imposed upon Ruggiero was not

only based upon a plea to a lesser crime, carrying different penalties, but was predicated upon the fact that it appeared that Ruggiero suffered from glaucoma causing severely impaired vision. Hence, the court attempted to fix a flexible term of imprisonment to meet that unique problem.

It also appears that there was ample basis upon which to differentiate between Junco and Walls. Apart from the proof that Junco participated in the attempted escape (which is the subject of a separate indictment and which, in view of the sentence herein, will probably not be brought to trial), the evidence indicated that, in contrast to Walls, Junco was actually a principal in the transaction. In apparent recognition of that fact, the District Attorney stated upon sentencing that " of the three defendants involved in this case, perhaps Mr. Walls was the least culpable."

We therefore conclude that the sentence with respect to defendant Junco was not excessive or improper in any manner. In view of the serious nature of the crime, there is no basis to hold that there should be equal sentences meted out to Walls and Junco where the record indicates that Junco's participation in the crime justified a greater sentence than the other defendant who stood trial.

Accordingly, the judgment entered July 12, 1972, should be affirmed in all respects.

NUNEZ, J. (dissenting). On June 28, 1971, Anthony Ruggiero, James Walls and Gilberto Miguel Junco were arrested and subsequently indicted for the crimes, *inter alia,* of possessing and selling dangerous drugs in the first degree. Ruggiero and Walls are citizens of the United States; Junco is a citizen of Cuba. Ruggiero was the leader and kingpin of the trio. He conducted the negotiations with the undercover police officers and he was the spokesman who set the terms of the sale while the other two stood by and played a secondary role at all times. Ruggiero and Walls had prior felony convictions. Junco had no previous conflict with the law whatever. The court, on sentence, stated that Junco's steady working record had been verified by the probation department, as was the fact that he was the main support of his wife and three children.

Ruggiero, the main culprit, was permitted to plead guilty to the criminal sale of a dangerous drug in the second degree, a Class B felony. This plea was also to cover a companion indictment accusing Ruggiero and Junco of attempted murder. The People alleged that while Junco and Ruggiero were fleeing from the police, Ruggiero fired a shotgun blast at the pursuing

police officers. Walls and Junco stood trial; they were convicted of the crimes of criminally selling and possessing dangerous drugs in the first degree and associated lesser crimes.

Given the foregoing facts, and applying common sense justice as we should, one would think that Junco would be treated as a first offender and given a lighter sentence than his two codefendants. Or, at least that he, having gone to trial with Walls, would fare at least as well as Walls. But, for reasons not apparent from the record, Junco, the Cuban, received the stiffest sentence of the three! Ruggiero, the acknowledged leader in this most heinous and substantial illicit drug trafficking operation, the previously convicted felon, received an inexplicably lenient sentence. Apparently the court felt that instead of being imprisoned, Ruggiero should be freed on parole at "the earliest feasible time." The Judge said so at the taking of his plea: "if the pre-sentence report submitted to me indicates that your vision [Ruggiero's] is impaired to such an extent that you are legally blind that I would on the record at the time of sentence, in not imposing a minimum term, state for the benefit of the Parole Board that I would believe that the Parole Board should at the earliest feasible time release you on parole since obviously my purpose in imposing a sentence of one to 15 years is to assure long time supervision and not long time incarceration." His plea also covered the indictment for attempted murder.

Walls, convicted of the identical crimes as Junco, received a minimum of 15 years and a maximum of life. Junco was sentenced to a minimum of 20 years to a maximum of life imprisonment. And he still has the attempted murder indictment hanging over his head.

This is not a case where different Judges in different, or in the same, jurisdiction impose disparate sentences for the same crimes. These three defendants were codefendants convicted under the same indictment for the one transaction—the sale and possession of dangerous drugs. The great disparity of sentence is not to me difficult to understand; it is impossible. There is no rational basis for imposing the stiffest sentence on Junco, the first offender. Traditionally, our courts have treated first offenders more leniently than those with previous felony convictions. I do not say that Junco, the first offender, should be treated as gently and leniently as Ruggiero, the previously convicted felon, but I do strongly feel that simple justice cries out as a bare minimum that Junco's sentence be no greater than Walls'.

McGIVERN, P. J., STEUER and TILZER, JJ., concur in *Per Curiam* opinion; NUNEZ, J., dissents in an opinion in which MURPHY, J., concurs.

Judgment, Supreme Court, New York County, rendered on July 12, 1972, affirmed.