Per Curiam.

New York City police officers acting in conjunction with an undercover Federal narcotics agent approached the defendants to arrest them for possession and attempted sale of narcotics. As the defendant Walls was apprehended the other defendants, seated in a nearby car, fired upon the officers and fled toward the Hudson River. Two New York City police *424 officers pursued and ultimately arrested the defendants in the Lincoln Tunnel. A contemporaneous search of the vehicle disclosed two weapons and a large quantity of illegal drugs.
Because it was later determined that they were apprehended slightly beyond New York’s jurisdiction the defendants argue that (1) New York lacked power to prosecute and (2) the evidence seized should be suppressed. Both arguments are based on the fact that the New York officers failed to comply with the New Jersey fresh pursuit statute which requires that persons arrested be promptly arraigned by a New Jersey Magistrate, followed by extradition proceedings, before being returned to the State from which they fled (N. J. Stac. 2A :155-4). We find no merit in either contention.
Although the defendants were not returned to this State in compliance with the New Jersey statute, that does not deprive the New York courts of jurisdiction (cf. Frisbie v. Collins, 342 U. S. 519). In a proper case this State may decline to exercise its jurisdiction, rather than exploit the fruits of unauthorized conduct (see, e.g., Mahon v. Justice, 127 U. S. 700; Ker v. Illinois, 119 U. S. 436), but the breach involved here does not call for this sanction, particularly in view of the trial court’s factual determination that the officers acted in good faith, and did not knowingly or intentionally disregard the law.
For similar reasons we are not persuaded by the defendants’ argument that the evidence should be suppressed because it was not seized incident to an authorized arrest. This is not a case where the officers acted without probable cause or willfully neglected to complete the post arrest procedures required by New Jersey law. On the contrary when they arrested the defendants and returned them to New York they reasonably —- although mistakenly — believed they were authorized to act as-they did. Under these circumstances the arrest and incidental search were valid (cf. Hill v. California, 401 U. S. 797).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Babin and Stevens concur in Per Curiam opinion.
In each case: Order affirmed.