■ THE PEOPLE OF THE STATE OF NEW YORK, v GEORGE KERNER, Appellant.—Appeal by defendant, as limited by his motion, from so much of a sentence of the Supreme Court, Kings County, imposed August 3, 1976, upon his conviction of grand larceny in the second degree, on his plea of guilty, as included a fine of $54,000. Sentence modified, as a matter of discretion in the interest of justice, by reducing the fine to $15,000, and the balance of the fine is ordered remitted. As so modified, sentence affirmed. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). In the interest of justice, defendant's punishment should accord with that meted out to his codefendant. Margett, Shapiro and Titone, JJ., concur; Gulotta, P. J. and Rabin, J., dissent and vote to affirm the sentence insofar as it is appealed from, with the following memorandum: The sentencing court, having fixed the minimum amount which defendant derived as a benefit from the crime at $27,000, and having further determined that defendant was the instigator of the crime and that he could well afford to pay a substantial fine, sentenced him to unsupervised probation for a period of five years, and fined him $54,000. The fine was not in excess of the amount authorized by statute (see Penal Law, § 80.00 subd 2); nor was it unreasonably harsh or excessive under the facts of this case. The imposition of a lesser fine upon the codefendant is not determinative herein, in view of his diminished culpability, as found by the sentencing court, and his comparative lack of financial resources (see *People v Junco,* 43 AD2d 266, affd 35 NY2d 419). As the First Department stated in *Junco (supra,* p 268): "Generally, a determination as to what constitutes an appropriate sentence is a matter resting within the sound discretion of the trial court and the sentence imposed by that court should not be reduced on appeal unless there was a clear abuse of discretion (see *People v. Dittmar,* 41 A. D. 2d 788; *People v. Caputo,* 13 A. D. 2d 861). And within its discretion the trial court may 'vary the sentences of [a] defendant and his codefendant depending on the differing circumstances involved' *(People v. Turley,* 38 A. D. 2d 769). Such rules are a recognition of the fact that a trial court is in the most advantageous position to determine the proper sentence, having observed the defendant and being intimately familiar with the facts and circumstances underlying the conviction (see Appellate Review of Sentences, Hon. LEO BREWSTER, 40 F. R. D. 79)." No abuse of discretion is demonstrated on the present record.