■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR ALBAN LEACOCK, Appellant.—Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered November 30, 1983, which convicted defendant, after a nonjury trial, of the crimes of one count of murder in the second degree (Penal Law § 125.25 [1]), three counts of manslaughter in the first degree (Penal Law § 125.20 [2]), two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), and one count of assault in the second degree as an armed felony (Penal Law § 120.05 [2]), and sentenced him to concurrent indeterminate prison terms of from 20 years to life on the murder count, from 10 to 20 years on each one of the two counts of attempted murder, and from 2⅓ to 7 years on the assault count, and, furthermore, he was sentenced to three concurrent indeterminate prison terms of 12½ to 25 years on the manslaughter counts, and these manslaughter sentences are to run consecutively to the murder, attempted murder, and assault sentences, is unanimously modified, on the law, to the extent of reversing the sentences imposed on the manslaughter and attempted murder counts, vacating those sentences, and the matter is remanded to Criminal Term for resentencing on those convictions, and except as thus modified, otherwise affirmed.

The defendant correctly contends, and the People concede, that the sentences imposed on defendant's convictions of the crimes of manslaughter in the first degree and attempted murder in the second degree were illegal.

Our review of the evidence in the record in the instant case indicates defendant used a gun in the commission of the crimes for which he was convicted. However, possession of a deadly weapon or display of a firearm is not an element required by statute to prove either the crime of manslaughter in the first degree *(People v Creekmore,* 106 AD2d 260 [1st

Dept 1984]) or the crime of attempted murder in the second degree *(People v Lawrence,* 97 AD2d 718 [1st Dept 1983]). Consequently, neither one of these crimes is an armed felony offense, as defined by CPL 1.20 (41) *(People v Rivera,* 111 AD2d 71, 72 [1st Dept 1985]). Since both of these crimes are class B violent felony offenses (Penal Law § 70.02 [1] [a]), "the minimum period of imprisonment that may be imposed for a violent felony offense cannot exceed one third of the maximum [Penal Law § 70.02 (4)]" *(People v Serrano,* 116 AD2d 509, 510 [1st Dept 1986]), and, Criminal Term, therefore, erred by imposing sentences on the manslaugter in the first degree and attempted murder in the second degree convictions, which contain minimum terms that are one half of the maximum terms.

We recognize "the fact that a trial court is in the most advantageous position to determine the proper sentence, having observed the defendant and being intimately familiar with the facts and circumstances underlying the conviction" *(People v Junco,* 43 AD2d 266, 268 [1st Dept 1974], *affd* 35 NY2d 419 [1974], *cert denied* 421 US 951 [1975]), and, accordingly, we remand this matter to Criminal Term to correct these sentences.

We have examined the other points raised by the defendant, and find them to be lacking in merit. Concur—Ross, J. P., Carro, Asch, Kassal and Ellerin, JJ.