(April 21, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant.—Judgment, Supreme Court, Bronx County (Hinkson, J., at plea and sentence), rendered on June 28, 1985, convicting defendant of manslaughter in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the third degree and sentencing him to two concurrent prison terms of 12½ to 25 years, and one concurrent term of 2⅓ to 7 years, respectively, unanimously modified on the law to reduce the term for manslaughter in the first degree to 8⅓ to 25 years and otherwise affirmed.

On June 6, 1985, defendant withdrew his plea of not guilty to a charge of murder and related crimes and pleaded guilty to manslaughter in the first degree and criminal use of a firearm in the first degree. The plea bargain included a promise of a sentence of 12½ to 25 years on each of the counts, the sentences to run concurrently. Defendant admitted that on June 12, 1983, in concert with Elaine San Miguel, he shot and killed Gonzalo Valencia. Also, on June 6, 1985, pursuant to a separate indictment, defendant withdrew his not guilty plea and pleaded guilty to the only charge contained in that indictment, criminal possession of a weapon in the third degree. He received a promise that his sentence would be 2⅓ to 7 years and would run concurrently with the other sentences. Defendant admitted that on July 7, 1983, he was in possession of a .380 automatic pistol.

Defendant pleaded guilty to manslaughter in the first degree, a violent felony offense. (Penal Law § 70.02 [1].) However, he was not a predicate felon and, therefore, the minimum period of imprisonment for a violent felony offense could not exceed one third of the maximum unless the sentence was for a conviction of a class B armed felony offense. (Penal Law § 70.02 [4].) While the facts of the case did establish the use of a gun, manslaughter in the first degree is not an armed felony offense since the use of a gun is not a statutory element of the crime. (See, People v Gonzalez, 99 AD2d 1001 [1st Dept 1984].) Since the clear intent of the court was to give the maximum sentence, there is no need to remand for resentence and the sentence is so modified. Concur—Murphy, P. J., Kupferman, Ellerin, Wallach and Smith, JJ.