OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant, a Vermont resident, was suspected of having *909 committed a murder in New York. New York police went to question defendant in Vermont. They did not possess probable cause to arrest defendant, nor did they intend to make an arrest at that time. Upon questioning, however, defendant confessed to the murder, and was arrested in Vermont by the New York police. Following this first confession defendant made additional statements, further incriminating himself. The New York police then brought defendant back to New York.
Defendant subsequently moved to suppress, among other things, the statements made and evidence gathered following his initial confession, as the products of an illegal detention by the New York police. His motion was denied, and defendant pleaded guilty to murder in the second degree. The Appellate Division, affirming the conviction on appeal, held that even if the detention following the confession was illegal, the statements made during that period were similar to the valid initial confession, and thus any erroneous failure to suppress was harmless. In this court, however, the People concede that the doctrine of harmless error does not apply in the present situation, where an allegedly erroneous failure to suppress was followed by a guilty plea (see, e.g., People v Grant, 45 NY2d 366, 379-380).
On this appeal defendant again argues for suppression of evidence gathered following his initial confession, on the basis that his detention by the New York police constituted a failure to comply with CPL 140.10. He maintains that under this statute, after implicating himself in the murder, he immediately should have been turned over to the Vermont police, which would have precluded further questioning by the New York police (see also, CPL 140.55 [2]; Vt Stat Annot, tit 13, §§ 5041, 5042). In his brief in this court defendant posits no constitutional arguments regarding the authority of the New York police, as out-of-State actors, to proceed as they did; instead, he argues only that suppression is required because the New York police failed to follow statutory guidelines in arresting him in Vermont.
We considered this very argument in People v Junco (35 NY2d 419). In that case New York police pursued the defendant into New Jersey, where he was arrested. However, in violation of the New Jersey statutory requirement that once arrested, a defendant be arraigned in New Jersey, the New York police immediately returned defendant to New York, rather than arraigning him in New Jersey. We held that *910 because the officers did not knowingly or intentionally disregard the New Jersey fresh pursuit statute, suppression of the fruits of a postarrest search was not required (id., at 424; see also, People v Harris, 48 NY2d 208, 216 [holding that suppression was not warranted where defendant’s statutory rights, as opposed to constitutional rights, were violated]).
This case, therefore, is controlled by People v Junco (supra). Assuming that the Vermont fresh pursuit statute (see, Vt Stat Annot, tit 13, §§ 5041, 5042) was violated — a proposition that the People continue to strongly dispute — no suppression is warranted here. Defendant does not allege, nor does the record support, a finding that the New York police intended to deprive defendant of his statutory rights. As a result, under People v Junco (supra), any violation of the statutory guidelines concerning arrests made out of State does not, in this case, call for suppression.
We have examined defendant’s remaining contentions, and conclude that they are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed in a memorandum.