(May 4, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MARTY, Appellant.—Judgment, Supreme Court, Bronx County (Peggy Bernheim, J.), rendered June 23, 1986, convicting defendant of manslaughter in the first degree and criminal use of a firearm in the first degree and sentencing him, as an armed violent felony offender, to two concurrent indeterminate prison terms of from 9 to 18 years, unanimously modified, on the law, the sentences and second plea vacated, the matter remanded for resentencing on the initial plea only, and otherwise affirmed.

By indictment No. 5665/85, filed on December 6, 1985, defendant was charged with acting in concert with another while committing the crimes of murder in the second degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree. On June 2, 1986, defendant appeared in open court and, represented by counsel, withdrew his previously entered plea of not guilty and pleaded guilty to manslaughter in the first degree in satisfaction of all counts in the indictment in reliance upon the court's promise of a sentence not to exceed 9 to 18 years. The court accepted the plea after a full allocution. Later, on that same day, the case was recalled and the prosecutor then filed a superior court information charging defendant with one count of criminal use of a firearm in the first degree and a second count of manslaughter in the first degree. The superior court information arose out of the same shooting incident as the indictment. The Assistant District Attorney sought to file this superior court information in order to support the agreed-upon plea-bargained sentence of 9 to 18 years, and to correct the mistaken notion of all concerned that manslaughter in the first degree was an armed violent felony offense. Defendant

then pleaded guilty to the first degree weapons charge and the court confirmed that the plea offer still was for concurrent indeterminate prison sentences of from 9 to 18 years on both the weapons count and the manslaughter count. That precise sentence was imposed on June 23, 1986.

It was error for the court to permit defendant to plead guilty to a superior court information once he had already pleaded guilty under an indictment. CPL 195.10 provides that a defendant may waive indictment and consent to be prosecuted by a superior court information under certain limited circumstances, but the statute specifically excludes such a procedure where, as here, the defendant is charged with a class A felony.

Furthermore, the indeterminate prison sentence passed upon defendant of 9 to 18 years must also be vacated on the ground that manslaughter in the first degree is not an armed violent felony offense *(People v Garcia,* 129 AD2d 505; *People v Leacock,* 125 AD2d 185). Under Penal Law § 70.02 (4) "the minimum period of imprisonment that may be imposed for a violent felony offense [e.g., manslaughter] cannot exceed one third of the maximum" *(People v Serrano,* 116 AD2d 509, 510).

Accordingly, this matter must be remanded for resentencing since " 'a trial court is in the most advantageous position to determine the proper sentence, having observed the defendant and being intimately familiar with the facts and circumstances underlying the conviction' ". *(People v Leacock,* 125 AD2d, *supra,* at 186, quoting *People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951.) Because defendant's currently illegal sentence is based upon a negotiated plea, and defendant does not wish to withdraw it, the trial court should resentence defendant as closely to the originally promised sentence as practicable *(see, People v Bogan,* 63 AD2d 582). Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Wallach, JJ.