*954 OPINION OF THE COURT
Memorandum.
Judgment of conviction for driving while intoxicated reversed, upon the law, upon the facts and as a matter of discretion in the interest of justice, information dismissed, and fine remitted. Judgment of conviction for driving to the left of pavement markings affirmed.
CPL 140.10 (3) provides in pertinent part that a police officer in New York may pursue a person, who the officer has probable cause to believe committed a crime, into a foreign State and may arrest him if that foreign State’s law contains provisions equivalent to those of CPL 140.55. Where the officer pursues the person into Connecticut, he must then, pursuant to the Connecticut statute, bring the person arrested before a local Criminal Court to determine if the arrest was lawful in that foreign State (Conn Gen Stat Annot § 54-156). The Connecticut statute for fresh pursuit and warrantless arrest when crossing a State line is limited to cases involving felonies and has no applicability to petty offenses (supra).
In the instant case, the record indicates that a Deputy Sheriff pursued defendant into Connecticut only for driving to the left of the pavement markings (Vehicle and Traffic Law § 1126 [a]), a mere traffic infraction. The testimony is clear that he made no judgment or opinion as to whether defendant was intoxicated until after the completion of performance tests, all of which were done in Connecticut. Hence, the subject arrest violated CPL 140.10 (3) because the Deputy was not pursuing a person outside the State who he had probable cause to believe committed a crime. " 'Crime’ means a misdemeanor or a felony” (Penal Law § 10.00 [6]). It does not mean a petty offense which is defined as "a violation or a traffic infraction” (CPL 1.20 [39]).
The record also indicates that the Deputy neglected to bring defendant before a local Connecticut Criminal Court as prescribed by Connecticut General Statutes Annotated § 54-156. The Deputy’s own testimony reveals that he knew he was in Connecticut when he made the arrest. Upon being returned to New York, defendant pointed out a "Welcome to New York” sign; the Deputy replied, "it doesn’t matter.” Despite the Deputy’s unequivocal knowledge of his presence in Connecticut, he failed to conform to the applicable regulations.
This is a case where the Deputy willfully neglected to complete the postarrest procedures required by Connecticut *955 law. Moreover, the arrest itself was knowingly performed in an unauthorized fashion in violation of defendant’s constitutional right to travel freely (see, Kent v Dulles, 357 US 116) and not to have his liberty deprived without due process of law (see, Kent v Dulles, supra, at 126; see also, NY Const, art I, § 6). Under such circumstances and in the absence of a finding of good faith by the court below, the arrest is invalid (see, People v Walls, 35 NY2d 419, 424) and suppression of the fruits of the arrest is required (see, People v Sampson, 73 NY2d 908).
Clearly, in the absence of the evidence unlawfully obtained, the court below could not have found defendant guilty beyond a reasonable doubt of driving while intoxicated pursuant to Vehicle and Traffic Law § 1192.
Finally, we vote to affirm the conviction pursuant to Vehicle and Traffic Law § 1126 (a) for driving to the left of pavement markings, since none of the evidence supporting such conviction was obtained as a result of an unauthorized arrest made in violation of defendant’s constitutional rights.
DiPaola, P. J., Geiler and Collins, JJ., concur.