■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN BROWN, Also Known as MELVIN BROWN, Appellant. —Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered March 10, 1989, which resentenced defendant, as a second violent felony offender, upon an updated probation report, to an indeterminate prison term of

from 10 to 20 years for the crime of burglary in the second degree (Penal Law § 140.25), is unanimously affirmed.

By New York County indictment number 5901, filed September 27, 1982, a Grand Jury charged defendant with committing the crime of burglary in the first degree (Penal Law § 140.30).

At trial, the People's evidence against the defendant, in substance, indicates that on July 12, 1982, defendant entered, without permission, the home of Mr. Richard Rodamar and Ms. Marla Hill. While in that home, defendant pretended to have a weapon and demanded those victims raise their hands and empty their pockets. Thereafter, during a struggle with Mr. Rodamar, defendant struck Mr. Rodamar in the back of the head with one of Mr. Rodamar's cameras. Subsequently, defendant fled from that place.

Following his conviction by a jury of the crime of burglary in the second degree, the trial court sentenced defendant, as a persistent violent felony offender, to an indeterminate prison term of 10 years to life. Defendant appealed that conviction and on October 17, 1985, we modified the judgment only to the extent of finding that defendant had been improperly sentenced as a persistent violent felony offender, and therefore, we remanded for his resentencing as a second violent felony offender *(People v Brown,* 114 AD2d 320 [1st Dept 1985]).

Subsequently, on December 2, 1985, the trial court resentenced defendant, as a second violent felony offender, to an indeterminate prison term of from 10 to 20 years. Defendant appealed from this new resentence and we affirmed same *(People v Brown,* 126 AD2d 997 [1st Dept 1987]).

Thereafter, in December 1988, defendant moved to set aside the 1985 resentence upon the ground that the trial court did not have an updated presentence report before resentencing him, and the trial court granted same, based upon *People v Saez* (121 AD2d 947 [1st Dept 1986]).

After receiving an updated presentence report, dated February 24, 1989, the trial court held a hearing at which the People and the defendant, together with counsel, were present. During this proceeding, defendant contended that his 1985 resentence to an indeterminate prison term of 10 to 20 years is excessive since, while he has been incarcerated, he was married, and he has received a general equivalency diploma, started taking courses leading towards a college diploma, availed himself of institutional programs for vocational and educational rehabilitation, and "tested positive for

AIDS". In response, the trial court found no merit to defendant's argument, and adhered to its 1985 resentence determination.

Our examination of the record before us indicates that this defendant had two prior convictions for violent crimes when he committed the instant violent crime less than one month after his release in June 1982 from his last period of incarceration.

Penal Law § 1.05 (6) reads, in pertinent part: "The general purposes of the provisions of this chapter are * * * 6. To insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted, and their confinement when required in the interests of public protection."

Based upon the Legislature's direction contained in Penal Law § 1.05 (6) and our review of this 29-year-old defendant's criminal history, the updated probation report, and the factors defendant submitted at the March 10, 1989 resentencing hearing, we find that the trial court did not abuse its sentencing discretion (*People v Junco*, 43 AD2d 266, 268 [1st Dept 1974], *affd* 35 NY2d 419 [1974], *cert denied* 421 US 951 [1975]; *People v Davis*, 92 AD2d 177, 189 [1983], *affd* 61 NY2d 202 [1984]).

Accordingly, we affirm. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.