■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CONTRERRA, Appellant.—Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered January 19, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 7½ to 15 years, is unanimously affirmed.

Defendant contends that the court improperly admitted into evidence certain irrelevant testimony regarding the distance from his residence to the site of the crime. The contention is without merit as the evidence was an attempt to rebut the defense theory that the testimony of the police officers was "canned". Further, any possible error was harmless in light of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230, 237).

Defendant's challenge to portions of the prosecutor's summation has been waived for failure to object, thus denying the court an opportunity to strike the remarks or give curative instructions (CPL 470.05 [2]; *People v Dordal,* 55 NY2d 954). In any event, were we to reach these contentions, we would nevertheless affirm. The comments were in direct response to the attacks on the credibility of the police witnesses *(People v Galloway,* 54 NY2d 396). To the extent the remarks were improper, again any error was harmless in light of the overwhelming evidence of guilt *(People v Crimmins, supra).* Further, the court's charge, which, *inter alia,* instructed the jurors that their recollection, understanding and evaluation of counsel was controlling, was sufficient to dispel the effect of any alleged misstatement *(People v Comer,* 73 NY2d 955, 956-957).

Defendant also challenges the court's charge, contending that it emphasized, beyond the neutral language of CPL 300.10 (2), his decision not to testify. However, as no objection was made, this contention was also not preserved as a matter of law *(People v Lara,* 75 NY2d 836). Were we to consider the charge, we would nevertheless affirm. The charge as given, when taken as a whole, correctly conveyed the appropriate standard the jury was to apply, while affording defendant all his constitutional protections *(People v Adams,* 69 NY2d 805).

Finally, defendant fails to show that the court abused its discretion in sentencing *(People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.