■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J., at hearing; Richard Carruthers, J., at trial and sentence), rendered November 13, 1987, convicting defendant, after a jury trial, of two counts of robbery in the second degree and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of imprisonment of from 12 years to life, unanimously affirmed.

Defendant was convicted of two robberies, one week apart, in each of which he displayed what appeared to be a gun. He was apprehended after a chase after committing the second robbery. When the imitation gun defendant had discarded was recovered, he stated, "damn, the gun." Later, after receiving the Miranda warnings, he gave a signed incriminatory statement. On appeal, defendant claims that the evidence at the suppression hearing did not prove the voluntariness of his statements beyond a reasonable doubt. The record, however, establishes that the statements were freely and voluntarily given. The court found the testimony of the police officers with respect to the surrounding circumstances to be credible. On the other hand, it found defendant's testimony that his incriminating statement was the result of 150 blows to the body and head and 100 blows to the body by a rubber hose to be incredible. The hearing court's factual determination is entitled to great weight. (People v Prochilo, 41 NY2d 759.) Moreover, there was no showing of any bruises, swelling or bleeding in the photographs taken immediately after the statement was taken. Thus, the circumstances surrounding the statement do not support defendant's claim of involuntariness.

Defendant also faults the court's charge of reasonable doubt. This contention has not been preserved as a matter of law and we therefore decline to reach it. Were we to consider it, in the interests of justice, we would nonetheless affirm, finding it to be without merit, since the charge, taken as a whole, conveyed the proper standard.

Finally, the sentence was not excessive and should not be disturbed. No abuse of discretion has been shown. (People v Junco, 43 AD2d 266, 268, affd 35 NY2d 419, cert denied 421 US 951.) Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.