■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARAT LISYANSKY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered July 26, 1988, convicting him of criminal sale of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the trial court deprived him of a fair trial by refusing to allow him to testify about his prior relationship with two others who participated in the transactions in issue is without merit. The trial court was within its discretion when it ruled that this testimony was irrelevant to the issue of the subsequent sales of cocaine to the undercover officers *(see, People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047; *People v Ahearn,* 88 AD2d 691). The trial court was also within its discretion when it refused to allow the defendant to testify as to his conversation with one of these drug dealers prior to another sale of cocaine. Any testimony concerning the conversation between the two would have been offered for the truth of the matter asserted and, thus, would have constituted inadmissible hearsay *(see,* Richardson, Evidence § 200 [Prince 10th ed]).

The defendant's failure to object to the prosecutor's questions regarding his drug habit, his possible failure to pay income taxes, and his failure to obtain a license from the Taxi and Limousine Commission, renders these claims unpreserved for appellate review *(see,* CPL 470.02 [5]). Although the defen-

dant should not have been questioned on the collateral matter of his naturalization application *(see, People v Beckford,* 138 AD2d 613; *People v Hicks,* 102 AD2d 173; *People v Pressley,* 93 AD2d 665),* particularly since this testimony had been precluded by the trial court's rulings *(see, People v Alicea,* 37 NY2d 601; *People v Sandy,* 115 AD2d 27; *People v Rosa,* 108 AD2d 531; *People v Stewart,* 92 AD2d 226; *People v Perez,* 90 AD2d 468),* the error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).* Similarly, the defendant's failure to object to most of the prosecutor's comments during summation renders his present claims regarding them unpreserved for appellate review *(see,* CPL 470.05 [2]).* As to those that were preserved, none of the comments deprived the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 65 NY2d 837).*

Based on the circumstances of this case, the sentencing of the defendant as a second felony offender to two concurrent terms of imprisonment of 25 years to life was proper *(see, People v Suitte,* 90 AD2d 80; *People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951).*

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.