■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO RUIZ, Also Known as EDWARDO SANTIAGO, Appellant. —Judgment of resentence, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered March 12, 1990, resentencing defendant for the second time, as a second felony offender, upon a modified and reduced judgment convicting him of burglary in the second degree, to a term of imprisonment of 7 to 14 years, unanimously affirmed.

Contrary to defendant's claim, the resentencing court duly considered all available and relevant sentencing information, including the facts of the instant case, an updated probation report, defendant's prior criminal history, and comments of the prosecutor, defense counsel and defendant (People v Farrar, 52 NY2d 302). In these circumstances, we perceive no abuse of discretion by the sentencing court in resentencing defendant (see, People v Junco, 43 AD2d 266, affd 35 NY2d 419, cert denied 421 US 951).

Defendant's failure to provide any record to substantiate his claims, raised for the first time on appeal, that neither he nor his attorney was afforded a sufficient opportunity to review the updated probation report, that review of a victim impact statement was required, and that the resentencing court utilized improper sentencing considerations, precludes appellate review of those claims (see, People v Olivo, 52 NY2d 309, 320). Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.