■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VERBOUT, Appellant. [599 NYS2d 970] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered December 18, 1991, which convicted defendant, upon his plea of guilty, of assault in the second degree and criminal possession of stolen property in the third degree, and sentenced him as a second felony offender to consecutive terms of imprisonment of 2 to 4 years, unanimously modified, on the law, to vacate the sentence and remand for resentence and otherwise affirmed.

The People concede, and we agree, that defendant's consecutive sentences were improperly imposed since the conviction of criminal possession of stolen property was a material element of his felony assault conviction (Penal Law § 70.25 [2]). However, in view of "the fact that a trial court is in the most advantageous position to determine the proper sentence, having observed the defendant and being intimately familiar with the facts and circumstances underlying the conviction" *(People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951), we remand this matter to the sentencing court for resentencing.

Defendant also claims that he was improperly sentenced as a predicate felon. However, this claim is unpreserved for review inasmuch as defendant "failed to timely raise the issue * * * by not controverting the allegations in the predicate felony statement" *(People v Smith,* 73 NY2d 961, 962-963).

We have reviewed defendant's other claims and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Ross and Kassal, JJ.