■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS CURRY, Appellant. [618 NYS2d 795] —Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered December 4, 1992, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 12½ to 25 years and 2 to 6 years, respectively, to run concurrently with defendant's sentences pursuant to judgments under indictments 6464/90 and 7063/90, rendered on the same date and before the same court, convicting him, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under each indictment, and sentencing him to concurrent terms of 2 to 6 years on each count, unanimously modified, on the law, to reduce the term for manslaughter in the first degree to 8⅓ to 25 years, and otherwise affirmed.

Defendant's claim that his right to be present was violated when the court conducted sidebar conferences of prospective jurors in his absence is without merit because defendant waived his right to be present. After defendant initially responded that he was not waiving his right to be present, the court again spoke with him, whereupon, the prosecutor asked "is the record clear now that the defendant is waiving his right to appear at the bench?" The court said "yes" and neither defendant nor defense counsel controverted the statements *(People v Perez,* 196 AD2d 781, 784, *lv denied* 82 NY2d 900; *see, People v Brown,* 196 AD2d 428, 430, *lv denied* 82 NY2d 804).

At trial, defendant tried to cross-examine a witness regarding a prior shooting, purportedly to demonstrate that the witness was involved in both crimes. The trial court properly precluded the cross-examination since there was no "clear connection" between the witness and either of the shootings, and any similarity between the crimes "raised no more than a mere suspicion" that the same person committed both crimes *(People v Coleman,* 186 AD2d 509, *lv denied* 81 NY2d 787).

Finally, and as the People concede, manslaughter in the first degree is not an armed felony offense and thus the sentence imposed on that conviction must be modified. Since the clear intent of the court was to impose the maximum sentence, there is no need to remand for resentencing and the sentence is modified as noted *(People v Garcia,* 129 AD2d 505, *lv denied* 70 NY2d 704). Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.