■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PATERSON, Also Known as EDDIE PATERSON, Appellant. [643 NYS2d 73] —Judgment, Supreme Court, New York

County (Richard Andrias, J.), rendered July 21, 1993, convicting defendant, after a jury trial, of murder in the second degree (two counts) and attempted robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of $24^1/2$ years to life (twice), 5 to 10 years and 3 to 6 years, respectively, unanimously affirmed.

Defendant affirmatively waived any right he had to be present at sidebar voir dires of potential jurors without prejudice to his reasserting it whenever his attorney elected to do so. The record shows that the waiver was never withdrawn, either explicitly or implicitly, despite the court's repeated advice to defendant that he could do so (see, People v Curry, 209 AD2d 357, lv denied 85 NY2d 908).

Although defense counsel alluded to a lapsed notice period in connection with the introduction of the prosecutor's alibi rebuttal evidence (CPL 250.20 [2]), he never requested an adjournment to review the proposed rebuttal evidence (CPL 250.20 [4]), and thus any error is not preserved for appellate review (see, People v Borrello, 52 NY2d 952; People v Rogelio, 79 NY2d 843). Nor was it an improper exercise of discretion to receive such evidence (CPL 250.20 [2]), where the alibi testimony presented by the defense was significantly more detailed than that recited in defendant's alibi notice and was inconsistent with evidence adduced in the case in chief. We have considered defendant's remaining contentions in this regard and find them to be without merit.

The trial court properly exercised its discretion in denying defendant's untimely request for a severance. The codefendant, claiming only to have been an eyewitness, purportedly would have testified that defendant was not the perpetrator, but only if a severance were granted and cross-examination of his testimony severely restricted so as to reduce its impeachment value at his own trial. Such tentativeness made denial of a severance appropriate (see, People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905). In any event, in view of the overwhelming evidence of guilt, which includes identification testimony by various eyewitnesses acquainted with defendant, and damaging statements by defendant, any error in these circumstances would have been harmless.

We have considered defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.