■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOLLIDAY, Appellant. [660 NYS2d 980] —Appeal from judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered February 23, 1995, convicting defendant, after a jury trial, of burglary in the third degree and criminal possession of stolen property in the fourth degree, and sentencing him as a second felony offender to concurrent terms of 3½ to 7

years and 2 to 4 years, held in abeyance, and the matter remanded to the Supreme Court for the purposes of conducting a reconstruction hearing.

Prior to the commencement of jury selection, defense counsel advised the court, "Judge, Mr. Holliday will waive his *Antiomarchi* [*sic*] right to approach," to which the court responded, "Okay. And as you're aware, if you have any concerns you will always have time to confer with him if you want to explore it." Thereafter, during the voir dire, the court conducted a number of sidebars with prospective jurors, some involving questions of a ministerial nature, others involving questions of possible bias. Defendant contends that the colloquy cited above is insufficient to establish an effective waiver of his right to be present at sidebar conferences pursuant to *People v Antommarchi* (80 NY2d 247; *see, e.g., People v Paterson*, 227 AD2d 348, *lv denied* 88 NY2d 991; *People v Curry*, 209 AD2d 357, *lv denied* 85 NY2d 908).

A waiver is not invalid merely because it is expressed by counsel rather than in defendant's own voice (*People v Underwood*, 201 AD2d 597, 598, *lv denied* 83 NY2d 1008), particularly when made in defendant's presence (*see, e.g., People v Smallwood*, 225 AD2d 713, *lv denied* 88 NY2d 942; *People v Stokes*, 216 AD2d 337, *lv denied* 86 NY2d 803). We do not find the colloquy to be so deficient as to warrant reversal, as defendant urges. Rather, given the somewhat ambiguous nature of the colloquy here, we remand the matter to reconstruct "the fullest record possible" (*People v Bennett*, 238 AD2d 138, 139), in order to determine whether defendant understood the precise nature and consequences of the waiver. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.