■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL DIAZ, Appellant. [666 NYS2d 428] —Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered November 9, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 9½ to 19 years, unanimously affirmed.

After both sides consented to excuse a potential juror from service during a robing room conference, the court noted that defendant had apparently changed his mind and no longer wished to be present during conferences with prospective jurors, conferences which he had previously attended. Defense counsel confirmed that he had asked defendant if he wished to be present during the questioning of the prospective juror but that he had indicated that he did not wish to attend the conference. Although the court stated that it would thereafter ques-

tion defendant concerning his absence from the conference, it never did so and defendant now contends that he was deprived of his right to be present during voir dire when the court questioned the prospective juror in the robing room conference outside his presence.

The waiver was knowing, voluntary and intelligent despite having been made by counsel since the record demonstrates that defendant was made aware of his right to be present under *People v Antommarchi* (80 NY2d 247; *see, People v Holliday*, 241 AD2d 399).

We find that the justification defense was disproved beyond a reasonable doubt (*see,* Penal Law § 35.15; *Matter of Y. K.*, 87 NY2d 430) and that the verdict was not against the weight of the evidence. Concur—Rosenberger, J. P., Williams, Andrias and Colabella, JJ.