■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GIVENS, Appellant. [701 NYS2d 352] —Judgment, Supreme Court, New York County (Renee White, J.), rendered April 14, 1997, convicting defendant, after a jury trial, of criminally negligent homicide, assault in the third degree, leaving the scene of an incident without reporting and operating a motor vehicle under the influence of alcohol, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years on the criminally negligent homicide and leaving the scene of an incident convictions to run concurrently with concurrent terms of 1 year for the remaining counts, unanimously modified, on the law, to the extent of reducing the sentence for leaving the scene of an incident without reporting to a term of 1⅓ to 4 years, and otherwise affirmed.

The verdict finding defendant guilty of criminally negligent homicide and driving while intoxicated was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence of criminally negligent homi-

cide, where defendant, while intoxicated, turned into oncoming traffic without signaling or stopping and collided with an oncoming motorcycle that was proceeding with the light and within the applicable speed limit (*see, People v Boutin*, 75 NY2d 692; *People v Heidorf*, 186 AD2d 915; *People v Fleenor*, 162 AD2d 832). Defendant's intoxication was established by testimony that his eyes were bloodshot, that he smelled of alcohol and that a blood test revealed a .13 blood alcohol level.

The court properly refused defendant's request to charge certain principles of the law of civil negligence, since these principles were inapplicable to the facts and could have misled the jury as to the concept of causation in a criminal case. Defendant's remaining challenges to the court's main and supplemental charges are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's main and supplemental charges, viewed as a whole, conveyed the proper legal principles (*People v Fields*, 87 NY2d 821). Moreover, the court's last supplemental charge, drafted with the assistance and approval of defense counsel, cured any possible deficiencies in the original charge.

The court properly exercised its discretion in denying defendant's request for a mistrial based on the prosecutor's alleged attempt to elicit hearsay testimony. The court sustained the objections to the prosecutor's questions and instructed the jury to disregard the questions, an instruction that the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102).

As the People correctly concede, defendant was improperly sentenced as a second felony offender for his conviction of leaving the scene of an incident without reporting, as this is a violation of the Vehicle and Traffic Law, as opposed to the Penal Law. Since the court expressed a clear desire to sentence defendant to the maximum permissible term, we see no need to remand for resentencing (*see, People v Garcia*, 129 AD2d 505, *lv denied* 70 NY2d 704), and we reduce defendant's sentence for that conviction to a term of 1⅓ to 4 years. We perceive no abuse of sentencing discretion.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Buckley, JJ.