THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GOMEZ, Appellant. [803 NYS2d 425]—Judgment, Supreme

Court, New York County (Philip M. Grella, J.), rendered September 4, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 5 to 10 years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the plausibility of the police account of the drug transaction, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

We find the sentence to be excessive to the extent indicated. Concur—Mazzarelli, J.P., Andrias, Ellerin and Gonzalez, JJ.

McGuire, J., dissents in a memorandum as follows: I respectfully dissent. As a second felony offender, defendant was sentenced to an indeterminate prison term of from 6 to 12 years. This sentence was slightly in excess of the minimum sentence prescribed by the Legislature of $4^{1}/_{2}$ to 9 years. To be specific, the increase ($1^{1}/_{2}$ years) in the minimum term the court imposed over the lowest authorized minimum term is less than 20% of the maximum increase (eight years) the court could have imposed. Defendant now asks this Court to exercise its discretion and sentence him to a term "closer to the minimum" but does not present any facts or arguments that were not made to the sentencing judge, who also presided over defendant's trial. Especially given that defendant was on probation at the time he committed this felony, I fail to see any basis for granting the relief defendant seeks. In addition, after defendant was sentenced the Legislature enacted reforms to the so-called "Rockefeller Drug Laws," including provisions of law that may enable defendant to gain his release earlier than otherwise would be permissible (L 2004, ch 738, § 30). More important, although this Court has held repeatedly that sentencing decisions rest within the sound discretion of the trial court (*see e.g. People v Junco*, 43 AD2d 266, 268 [1974], *affd* 35 NY2d 419 [1974], *cert denied* 421 US 951 [1975]), that long-settled principle is trivialized by the kind of exquisite appellate fine-tuning that defendant claims is warranted in the interest of justice.