James E. Morris, J.
The defendant was arrested on May 7, 1973, at 10:10 p.m. for having affixed to the roof of his car, on a metal bar, unauthorized lights.
The fact that the defendant had attached to his vehicle a bar with two amber lights, capable of rotating, is undisputed. The defendant contends that because he is a member of Henrietta civil defense, he is, therefore, authorized to have affixed such lights.
The defendant was arrested under section 375 (subd. 41) of the Vehicle and Traffic Law, which indicates: “ No light, other than a white light * * * shall be affixed to, or displayed on any vehicle except as prescribed herein.” The section further defines amber lights in subdivision 41 (par. 3) stating that amber lights may be affixed to a hazard vehicle. A hazard vehicle is described in section 117-a of the Vehicle and Traffic Law as follows: 1 ‘ Every vehicle owned and operated" by a *419 utility, whether public or private, used in the construction, maintenance and repair of its facilities, every vehicle specially equipped or designed for the .towing or pushing of disabled vehicles, and every vehicle engaged in highway maintenance, or in ice and snow removal where such operation involves the use of1 a public • highway. ’ ’
The only other use of an amber light upon a vehicle other than a hazard vehicle, as defined, is on a vehicle that is disabled. •Such a light should be only temporarily affixed and must be on the disabled vehicle as a warning to other motorists.
Although the use of a red light and certain white lights in a revolving, rotating, flashing or oscillating manner is not the specific issue in this case, it 'should be noted that the use of such a light is restricted to only an authorized emergency vehicle. (Vehicle and Traffic Law, § 375, subd. 41, par. 2.) An authorized emergency vehicle is defined in section 101 of the Vehicle and Traffic Law as: “ Every ambulance, police vehicle, fire vehicle and civil defense emergency vehicle.” One must further define a civil defense emergency vehicle, through section 106-a of the Vehicle and Traffic Law, as “Every communications vehicle and rescue vehicle owned by the state, a county, town, city or village and operated for civil defense purposes and equipped and marked as a civil defense emergency communications or rescue vehicle in compliance with the rules and ^regulations of the state civil defense commission. ’ ’
In 'Summary the law prohibits the use of amber, white or red lights on privately owned vehicles of any nature, including those owned by and operated by civil defense employees or volunteers. This court is not aware of any statutory exception that can be granted by any public employee or official including police officials. There is sufficient confusion on our highways now caused by flashing lights of every color.
For the safety of all users of the highway the statute, as outlined herein, must be strictly adhered .to and enforced.
I find the defendant guilty and impose a conditional discharge for one year.