■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN WINN, Respondent. [648 NYS2d 451] —Appeal by the People from a order of the Supreme Court, Queens County (Sampson, J.), dated November 23, 1995, which granted the defendant's motion to dismiss the indictment on the ground of lack of probable cause to arrest the defendant.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County for further proceedings on the indictment.

Upon the defendant's omnibus motion, the court, *inter alia,* reviewed the Grand Jury minutes and determined that there was legally sufficient evidence to support an indictment of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree. However, after a *Huntley* hearing, the court suppressed the defendant's statement made to the police when he was first stopped while driving the allegedly stolen vehicle on the ground that the police officer lacked reasonable suspicion to stop the vehicle.

The sole basis for the defendant's subsequent motion to dismiss the indictment, which the court granted, was that upon suppression of his statement, there was no probable cause to support his arrest. This is not a proper basis for dismissal of an indictment under CPL 210.20. Moreover, assuming that the defendant was, in effect, challenging the legal sufficiency of the evidence presented to the Grand Jury, which is a proper ground pursuant to CPL 210.20 (1) (b), his contention is nevertheless without merit. Where, as here, competent prima facie evidence underlying an indictment is subsequently rendered inadmissible by extrinsic proof, the legal sufficiency of the indictment is not undermined *(see, People v Gordon,* 88 NY2d 92, 96; *see also, People v Swamp,* 84 NY2d 725, 732).

In opposition to the People's appeal, the defendant argues that in the absence of the suppressed evidence, there was a legal impediment to conviction *(see,* CPL 210.20 [1] [h]). Since the defendant failed to raise this contention in his motion, he may not now offer this alternative argument *(see, People v Karp,* 76 NY2d 1006, 1009). Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.