■ William J. Nicosia, Appellant, v Robert Shultis, Jr., as Chairman of the Board of Fire Commissioners of the East Fishkill Fire District, et al., Respondents. [658 NYS2d 640] —In an action, *inter alia,* for a judgment declaring that the defendants may not promulgate any regulations prohibiting the plaintiff from displaying a red flashing light on his personal vehicle while responding to emergencies in the discharge of his duties as a volunteer emergency medical technician for the East Fishkill Rescue Squad, the plaintiff appeals (1) from so much of a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated May 7, 1996, as declared that the defendant Board of Fire Commissioners of the East Fishkill Fire District is authorized to promulgate such a regulation; and (2) from an order of the same court, entered October 22, 1996, which denied the plaintiff's motion, in effect, for reargument.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

As the party seeking a declaratory judgment, the plaintiff bears the burden of demonstrating his entitlement thereto (*see, Herold v East Coast Scaffolding,* 208 AD2d 592; *Graham v Beermunder,* 93 AD2d 254). The plaintiff has not met this burden.

As a member of a volunteer fire department, the plaintiff may be permitted to display a blue flashing light on his personal automobile when responding to emergency calls (*see,* Vehicle and Traffic Law § 375 [41] [4]; 15 NYCRR 44.4 [a], [c]). He has no statutory right, however, to unilaterally declare, as a matter of law, that his personal automobile is an appropriately equipped "emergency ambulance service vehicle" as defined by Vehicle and Traffic Law § 115-c, and hence an "authorized emergency vehicle" as defined by Vehicle and Traffic Law § 101. Therefore, his vehicle is not statutorily authorized, pursuant to Vehicle and Traffic Law § 375 (41) (2), to display a red flashing light or siren when he uses it to respond to emergencies as a member of the East Fishkill Rescue Squad (*see, People v Hesselink,* 76 Misc 2d 418). The plaintiff has also failed to sustain his argument that the defendants were preempted from promulgating a regulation inconsistent with the rights conferred upon him by the Vehicle and Traffic Law since there is no authority which precludes the defendants from prohibiting the use of red lights by volunteer emergency medical technicians. Therefore, in accordance with the provi-

sions of his membership application, the plaintiff must obey the regulation enacted by the defendants restricting the use of red lights and sirens to authorized chief officers.

The plaintiff's remaining contentions are without merit. Miller, J. P., Copertino, Sullivan and Krausman, JJ., concur.