[829 NE2d 1203, 797 NYS2d 35]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASON WILLIAMS, Respondent.

Argued April 14, 2005; decided May 10, 2005

POINTS OF COUNSEL

*Frank J. Clark, District Attorney,* Buffalo (*J. Michael Marion* of counsel), for appellant. Defendant was lawfully detained by peace officers acting outside their geographical jurisdiction. (*People v La Fontaine,* 235 AD2d 93, 92 NY2d 470; *People v Patterson,* 78 NY2d 711; *People v Taylor,* 73 NY2d 683; *People v Gallina,* 66 NY2d 52; *People v Moselle,* 57 NY2d 97; *People v Karp,* 80 Misc 2d 965; *Sutton v Evans,* 4 AD2d 580; *People v Alvarez,* 84 Misc 2d 897; *People v Averill,* 124 Misc 383.)

Respondent precluded.

*Kevin L. Wright,* Albany, *Susan L. Valle* and *Lisa Drury* for District Attorneys Association of State of New York, amicus curiae. Suppression is not the appropriate remedy for a technical and unintended violation of a state statute that was not implemented to protect a constitutional right. (*United States v Leon,* 468 US 897; *Arizona v Evans,* 514 US 1; *United States v Calandra,* 414 US 338; *Illinois v Krull,* 480 US 340; *United States v Janis,* 428 US 433; *Sackler v Sackler,* 15 NY2d 40; *Schwartz v Texas,* 344 US 199; *People v Dinan,* 11 NY2d 350; *People v Harris,* 48 NY2d 208; *People v Patterson,* 78 NY2d 711.)

*Mark J. Mahoney,* New York City, *Alfred O'Connor,* Albany, and *Timothy P. Murphy,* Buffalo, for New York State Association of Criminal Defense Lawyers and others, amici curiae. I. As appellant failed to argue at the trial court level that the exclusionary rule was not required as a result of the unauthorized arrest, this Court is precluded from deciding the issue. (*People v Romero,* 91 NY2d 750; *People v Chavis,* 91 NY2d 500; *People v Goodfriend,* 64 NY2d 695; *People v Parris,* 83 NY2d 342; *People v Nieves,* 67 NY2d 125; *People v Johnson,* 64 NY2d 617; *People v Dodt,* 61 NY2d 408.) II. Evidence obtained as a result of an arrest made outside a peace officer's authorized powers must be excluded like any other illegally seized evidence. (*People v Cantor,* 36 NY2d 106; *People v Hollman,* 79 NY2d 181; *People v Burr,* 70 NY2d 354; *People v Martinez,* 37 NY2d 662; *People v Payton,* 51 NY2d 169; *People v Bigelow,* 66 NY2d 417; *Mapp v Ohio,* 367 US 643; *Miller v United States,* 357 US 301; *People v Rogers,* 52 NY2d 527; *People v Young,* 55 NY2d 419.) III. A peace officer who takes advantage of his apparent authority to effect an unauthorized arrest and investigation of a citizen by utilizing a patrol vehicle with activated emergency lights, by interrogating and removing the person from his vehicle and searching the person may not have the seized evidence admitted

as the product of a hypothetical "citizen's arrest." (*People v Stith,* 69 NY2d 313; *People v Adams,* 53 NY2d 241; *People v Mendez,* 28 NY2d 94; *People v Di Stefano,* 38 NY2d 640; *People v Roth,* 66 NY2d 688; *People v Knapp,* 52 NY2d 689; *People v Payton,* 45 NY2d 300; *People v Fitzpatrick,* 32 NY2d 499; *People v Harris,* 77 NY2d 434, 495 US 14; *People v Ingle,* 36 NY2d 413.)

## OPINION OF THE COURT

GRAFFEO, J.

While patrolling a housing project, two peace officers employed by the Buffalo Municipal Housing Authority observed defendant driving an automobile on a public street adjacent to the project. The officers stopped defendant because he allegedly was not wearing a seat belt. After defendant informed the officers that he did not have a valid driver's license, the officers ordered him to step out of his vehicle.

In response to questioning by an officer, defendant replied in a manner that led the officer to suspect that defendant had an object in his mouth. Defendant opened his mouth, revealing what appeared to be a plastic bag protruding from underneath his tongue. When asked to lift his tongue, defendant shoved the officer and fled. Upon being apprehended after a brief chase, defendant spit the bag onto the ground. The bag, which was recovered by the officers, appeared to contain crack cocaine.

As a result of this incident, defendant was indicted for criminal possession of a controlled substance in the fifth degree and several violations of the Vehicle and Traffic Law. Before trial, defendant moved to dismiss the charges, arguing that the initial seizure for a traffic infraction was unlawful because the Housing Authority peace officers lacked jurisdiction outside the boundaries of the housing project and the officers were not acting pursuant to their special duties as Housing Authority peace officers when they stopped him for a seat belt violation. The People countered that the seizure was lawful because the peace officers were within their geographical jurisdiction and, even if they were not, the stop was justified as a "citizen's arrest."

Supreme Court agreed with defendant and dismissed the charges. The court concluded that there was no statutory authority for the peace officers to apprehend defendant for an offense committed outside their geographic area of employment and the People had failed to demonstrate that the officers were acting pursuant to their special duties when they stopped defen-

dant for a seat belt violation. The court further rejected the People's contention that the traffic stop was a valid citizen's arrest.

On the People's appeal, the Appellate Division affirmed for the reasons stated by Supreme Court. A Judge of this Court granted leave.

Before this Court, the People concede that the alleged traffic infractions and the seizure of defendant occurred outside the geographical jurisdiction of the Buffalo Municipal Housing Authority peace officers. Instead, the People rely on their assertion that the apprehension of defendant was the equivalent of a citizen's arrest. We are unpersuaded and therefore affirm.

The Criminal Procedure Law differentiates between the respective powers of arrest possessed by peace officers and private citizens (*compare* CPL 140.25 and 140.27, *with* CPL 140.30, 140.35 and 140.40). In fact, the Legislature has specified that the authority to make a citizen's arrest extends only to a "person acting *other than as a police officer or a peace officer*" (CPL 140.35, 140.40 [emphasis added]).

Aside from this statutory distinction, there also are functional differences between the powers of peace officers and private citizens. A peace officer may arrest upon reasonable cause to believe an offense has occurred (*see* CPL 140.25 [1]), whereas a citizen's arrest is justifiable only if the arrestee "has in fact committed" an offense (CPL 140.30 [1]). Additionally, peace officers generally are authorized to apprehend an individual for criminal activity only when the offense is committed within the officer's "geographical area of . . . employment" (CPL 140.25 [3]) or when the officer acts "pursuant to his special duties" (CPL 140.25 [1]), unless the arrest is for a felony (CPL 140.25 [4]). Similar limitations are not placed on the ability of a private citizen to make an arrest; the only limitation is that an arrest for a nonfelony offense occurring in the citizen's presence must be made "in the county in which such offense was committed" (CPL 140.30 [2]). To accept the People's argument and treat a peace officer as an ordinary citizen would render these purposefully drawn differences—and the plain language chosen by the Legislature—meaningless. This we decline to do.

We therefore conclude that the traffic stop in this case cannot be validated using the citizen's arrest provisions of the Criminal Procedure Law because the Housing Authority peace officers were not "acting other than as a police officer or a peace offi-

cer" (CPL 140.35, 140.40; *cf. McKinley v Commonwealth*, 564 Pa 565, 583 n 18, 769 A2d 1153, 1164 n 18 [2001]; *People v Lahr*, 147 Ill 2d 379, 383, 589 NE2d 539, 540-541 [1992]). This, of course, is not to say that an individual employed as a peace officer may never under any circumstances effect a citizen's arrest. We hold only that a peace officer who acts under color of law and with all the accouterments of official authority cannot.

The People's remaining argument—that despite the violation of CPL 140.25, suppression of evidence and dismissal of the charges is unnecessary under *People v Patterson* (78 NY2d 711 [1991])—is not preserved for our review.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed.