*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                107167
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Appellant,

        v                                MEMORANDUM AND ORDER

JOSEPH A. BACK II,
                    Respondent.
_____

Calendar Date:  February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Mary E. Rain, District Attorney, Canton (Joshua A.
Haberkornhalm of counsel), for appellant.

        Law Office of Lorraine M. White, Akwesasne (Vaughn N.
Aldrich of counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the County Court of St. Lawrence
County (Richards, J.), entered October 3, 2014, which granted
defendant's motion to dismiss the indictment.

        While driving on State Route 37 in the Town of Massena, St.
Lawrence County, defendant was involved in a car accident with
another motorist who sustained serious injuries.  The accident
occurred approximately one fourth of a mile west of the St. Regis
Mohawk Reservation boundary.  After being notified of the
accident by their dispatcher, two St. Regis Mohawk Tribal police
officers were the first officers to arrive at the scene of the
accident.  Upon their arrival, witnesses at the scene identified
defendant, who was out of his car and walking on the road, as a

driver involved in the accident.  At the request of the State Police, members of the St. Regis Mohawk Tribal Police Department (hereinafter SRMTPD) detained defendant, placed him in handcuffs and transported him to a nearby hospital.  The State Police met defendant and the SRMTPD officers at the hospital, where a blood sample was taken.  Forensic testing later revealed that defendant's blood alcohol content was .28%.

Defendant was thereafter charged in a nine-count indictment with assault in the first degree, assault in the second degree, vehicular assault in the first degree, vehicular assault in the second degree (two counts), aggravated driving while intoxicated and driving while intoxicated (two counts).  In his omnibus motion, defendant, among other things, moved to dismiss the indictment pursuant to CPL 210.20 (1) (h), "by reason of the unlawful and illegal arrest and detention of the defendant" and on the ground that the evidence submitted to the grand jury was not legally sufficient (see CPL 210.20 [1] [b]).  County Court determined that, "[a]s a matter of law," the SRMTPD was neither authorized to detain and arrest defendant nor to effect a citizen's arrest and dismissed the indictment.  The People now appeal.

The SRMTPD exists pursuant to statute (see Indian Law § 114).  Its members may be appointed by the Superintendent of the State Police after satisfying minimum police training standards (see Indian Law § 114 [2], [6]).  Further, "[a] person appointed a police officer under [Indian Law § 114] shall only be permitted to exercise the duties or functions of a police officer within the County of Franklin, and within that county, only within the boundary of the St. Regis reservation" (Indian Law § 114 [8]).  A member of the SRMTPD is a "police officer" (CPL 1.20 [34] [u]) who has "all powers provided for in the [C]riminal [P]rocedure [L]aw, except for those powers specifically excepted by this section, for the preservation of order and of the public peace, and the arrest of all persons committing offenses upon the St. Regis Mohawk tribal reservation" (Indian Law § 114 [2]).

Here, defendant was arrested in St. Lawrence County, not on the St. Regis reservation.  After arguing that he was arrested by members of the SRMTPD and that the SRMTPD did not have any police

powers in St. Lawrence County, defendant sought an order dismissing the indictment, or, alternatively, a hearing to determine whether the arrest was unlawful. In support of the motion, defendant submitted the supporting deposition by Investigator Decota Thompson of the SRMTPD. Thompson averred that when he arrived on the accident scene, another motorist pointed out that defendant was walking from the scene and that he observed defendant "gesturing to his abdomen and moaning as though he was in pain." An ambulance was summoned. Thompson averred that, because defendant kept trying to leave the scene, he was handcuffed and placed in a SRMTPD patrol car. When the State Police arrived at the scene, they decided that, rather than wait for the ambulance, the SRMTPD should transport defendant directly to the hospital. County Court dismissed the indictment, finding that the SRMTPD had "no authority to use police powers beyond the boundaries of the reserve" and that it could not make a citizen's arrest.

We agree with the People that County Court should not have summarily dismissed the indictment. Initially, the court should not have determined the issues presented as a matter of law because the People did not concede that the SRMTPD arrested defendant (compare People v Herne, 41 Misc 3d 1086, 1090-1091 [2013]). Further, we do not agree that the limited record establishes as a matter of law that the SRMTPD officers were without authority to effect a citizen's arrest (see CPL 140.30, 140.35; compare People v Williams, 4 NY3d 535, 538-539 [2005]). Finally, even if there was an arrest and it was not authorized, the remedy would be to exclude evidence obtained from the illegal arrest, and such exclusion does not necessarily create a legal impediment to conviction (see People v Gordon, 88 NY2d 92, 97 [1996]; People v Winn, 232 AD2d 438, 439 [1996], lv denied 89 NY2d 948 [1997]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court