People v Page (2018 NY Slip Op 07552)





People v Page


2018 NY Slip Op 07552


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


878 KA 18-00610

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
LIMMIA PAGE, DEFENDANT-RESPONDENT. 






JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR APPELLANT. 
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (M. William Boller, A.J.), dated January 22, 2018. The order granted that part of defendant's omnibus motion seeking to suppress the evidence seized as the result of a traffic stop. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment against defendant is dismissed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to suppress physical evidence seized as the result of a traffic stop. The evidence at the suppression hearing established that a marine interdiction agent with the U.S. Customs and Border Protection Air and Marine Operations, who was also a deputized task force officer with the Niagara County Sheriff's Department, was traveling on a highway in Erie County in an unmarked truck when he observed a vehicle engaging in dangerous maneuvers and allegedly committing several violations of the Vehicle and Traffic Law. After the agent unsuccessfully attempted to contact the state police via the radio in his truck, he called 911. While the agent's call was being transferred to the Buffalo Police Department (BPD), the vehicle exited the highway. As he followed the vehicle, the agent described his location and the unfolding events to the BPD dispatch and requested that a police unit be sent. Given his prior observations and his concern about the increased risk to public safety if the vehicle continued to drive in the same manner in the city, the agent activated his truck's emergency lights in order to stop the vehicle. The vehicle pulled over, and the agent reported the vehicle's license plate and location to the BPD dispatch. An officer with the BPD arrived shortly thereafter, and the officer and the agent approached the vehicle together for officer safety reasons. The officer spoke to the occupants of the vehicle, which included defendant. After additional BPD officers arrived at the scene, the agent was told that he was no longer needed, and he departed.
A firearm was seized as a result of the traffic stop, and defendant, along with two codefendants, was subsequently indicted for criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]). Following the suppression hearing, Supreme Court granted that part of defendant's omnibus motion seeking to suppress physical evidence seized as the result of the traffic stop on the ground that the traffic stop was unlawful. In concluding that the agent unlawfully stopped the vehicle, the court determined that the agent had the powers of a peace officer, but that the traffic stop could not be justified on that basis because the agent was not acting pursuant to his special duties or within his geographical area of employment. The court also determined that the traffic stop could not be justified as a valid citizen's arrest because the agent, who had the powers of a peace officer, activated the emergency lights and approached the stopped vehicle with the BPD officer and therefore acted under color of law and with the accouterments of official authority rather than as a private citizen.
The Criminal Procedure Law provides that "any person may arrest another person . . . for any offense when the latter has in fact committed such offense in his [or her] presence" (CPL 140.30 [1] [b]). As the Court of Appeals has explained, the Criminal Procedure Law "differentiates between the respective powers of arrest possessed by peace officers and private citizens (compare CPL 140.25 and 140.27, with CPL 140.30, 140.35, and 140.40)" (People v Williams, 4 NY3d 535, 538 [2005]). "In fact, the Legislature has specified that the authority to make a citizen's arrest extends only to a person acting other than as a police officer or peace officer' (CPL 140.35, 140.40 [emphasis added])" (id.). Thus, the Court of Appeals has held that "a peace officer who acts under color of law and with all the accouterments of official authority" cannot effect a valid citizen's arrest (id. at 539).
The People contend that the agent is not a peace officer and does not possess the powers thereof and, therefore, the court erred in determining that the traffic stop could not be justified as a valid citizen's arrest. Even assuming, arguendo, that the agent, as a marine interdiction agent with the U.S. Customs and Border Protection Air and Marine Operations and a deputized task force officer with the Niagara County Sheriff's Office, is not a peace officer and does not possess the powers thereof (see CPL 1.20 [33]; 2.10; 2.15, as amended by L 2014, ch 262, § 1; 2.20; see also CPL 140.25, 140.27), we conclude that the court properly determined that the agent did not effect a valid citizen's arrest. The agent, while contemporaneously reporting the incident to the police over the telephone and requesting the presence of a police unit, activated red and blue emergency lights in the grille of his truck and a light bar inside the windshield for the purpose of stopping the vehicle. A private person, however, is not authorized to display such emergency lights from his or her private vehicle (see Vehicle and Traffic Law § 375 [41]; People v Hesselink, 76 Misc 2d 418, 418-419 [Town of Brighton Just Ct 1973]). Moreover, a private person may not falsely express by words or actions that he or she is acting with approval or authority of a public agency or department with the intent to induce another to submit to such pretended official authority or to otherwise cause another to act in reliance upon that pretense (see Penal Law § 190.25 [3]; see generally People v LaFontaine, 235 AD2d 93, 106 [1st Dept 1997, Tom, J., dissenting], revd on other grounds 92 NY2d 470 [1998]). Thus, the agent was not lawfully acting merely as a private person effectuating a citizen's arrest when he activated emergency lights that were affixed to his truck by virtue of his position in law enforcement. Additionally, the agent was not acting merely as a private person when he approached the seized vehicle as backup in cooperation with the officer for safety purposes. Rather, the agent "act[ed] under color of law and with all the accouterments of official authority" (Williams, 4 NY3d at 539), causing the driver of the subject vehicle to submit to the agent's apparent official authority and ultimately resulting in the discovery of the evidence forming the basis for the charge against defendant (see People v Graham, 192 Misc 2d 528, 531 [Sup Ct, Erie County 2002], affd 1 AD3d 1066 [4th Dept 2003], lv denied 2 NY3d 762 [2004]). We therefore conclude that, even if the agent is not afforded the status of a peace officer or the powers thereof under state law (see CPL 2.10; 2.15 [7]), the traffic stop of the vehicle cannot be validated as a citizen's arrest under these circumstances (see generally CPL 140.30, 140.35, 140.40; Williams, 4 NY3d at 539).
The People further contend that, even if the seizure of defendant was not lawful under the citizen's arrest statute, suppression of the resulting physical evidence is not warranted because that statute does not implicate a constitutional right. We reject that contention. "[T]he violation of a statute may warrant imposing the sanction of suppression [but] . . . only where a constitutionally protected right [is] implicated" (People v Patterson, 78 NY2d 711, 717 [1991]). Even if a violation of the citizen's arrest statute is not necessarily a violation of a constitutional right, we conclude that adherence to the requirements of the statute implicates the constitutional right to be free from unreasonable searches and seizures (see US Const 4th Amend; NY Const, art I, § 12) by precluding a person who "act[ed] under color of law and with all the accouterments of official authority" from justifying an unlawful search or seizure as a citizen's arrest (Williams, 4 NY3d at 539; see CPL 140.30, 140.35, 140.40; cf. People v Sampson, 73 NY2d 908, 909-910 [1989]; People v Walls, 35 NY2d 419, 424 [1974], cert denied sub nom. Junco v New York, 421 US 951 [1975]; see also LaFontaine, 235 AD2d at 107-109 [Tom, J., dissenting]; see generally People v Greene, 9 NY3d 277, 280-281 [2007]), and that suppression is warranted where, as here, the purported private person is cloaked with official authority and acts with the participation and knowledge of the police in furtherance of a law enforcement objective (see generally People v Ray, 65 NY2d 282, 286-287 [1985]; People v Jones, 47 NY2d 528, 533-534 [1979]).
In light of our determination, the indictment against defendant must be dismissed inasmuch as "the unsuccessful appeal by the People precludes all further prosecution of defendant for the charge[] contained in the accusatory instrument" (People v Rodas, 145 AD3d 1452, 1454 [4th Dept 2016] [internal quotation marks omitted]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court