■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Kevin Omaro, Appellant. [607 NYS2d 44] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered September 26, 1990, convicting defendant, after a jury trial, of sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1 year, respectively, unanimously affirmed.

Defendant's motion to suppress identification testimony, made prior to trial, and renewed during trial was properly denied, in each instance, without a hearing, because, at each stage, the court had sufficient information before it to conclude, as a matter of law, that the confrontation between the witness and defendant was either unarranged, or was arranged independently of the police.

Defendant's motion to suppress physical evidence was properly denied, without a hearing, given the context of the case and the information available to defendant *(People v Mendoza,* 82 NY2d 415), when the People opposed the motion on the meritorious ground that defendant failed to plead facts supporting any expectation of privacy. Since the People were obviously justifying the search on an abandonment theory, it was incumbent upon defendant to set forth a specific alternate scenario which, if credited, would have warranted suppression.

The elements of sexual abuse in the first degree were established by legally sufficient evidence *(People v Teicher,* 52 NY2d 638, 646). We have considered defendant's remaining arguments and we decline to review them in the interest of justice. Were we to do so we would find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.