■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ROSE, Appellant. [631 NYS2d 354] —Judgment, Supreme Court, New York County (Edward Sheridan, J., at suppression hearing; Daniel P. FitzGerald, J., at trial and sentence), rendered May 21, 1993, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of $1^3/4$ to $3^1/2$ years, unanimously affirmed.

Where, as here, the identification of defendant by the

complainant results from a procedure in which there is no governmental or official participation, suppression is not required (*People v Omaro*, 201 AD2d 324; *People v Sanford*, 184 AD2d 671, *lv denied* 81 NY2d 794). Contrary to defendant's contention, the admissible hearsay offered at the hearing by the police officer who responded to the private security office, coupled with his first-hand knowledge of the private status of the guards employed there, was sufficient to meet the People's burden of demonstrating the legality of the pretrial identification (*compare, People v Gonzalez*, 80 NY2d 883).

Since some of the arguments raised by defendant in support of his contention that the trial court erred in denying his request for submission of attempted grand larceny in the fourth degree as a lesser included offense are being raised for the first time on appeal, they have not been preserved for this Court's review as a matter of law (CPL 470.05 [2]). In any event, the trial court properly determined that there was no reasonable view of the evidence to support such submission (CPL 300.50 [1]). Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.