■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTY SAMAD, Appellant. [670 NYS2d 69] —Judgment, Supreme Court, New York County (Bernard Fried, J., at suppression hearing; Jay Gold, J., at jury trial and sentence), rendered July 11, 1995, convicting defendant of two counts of burglary in the second degree and one count of bail jumping in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 4 to 8 years on the burglary convictions, and as a second felony offender, to a consecutive term of 2 to 4 years on the bail jumping conviction, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to concurrent terms of 4 to 8 years consecutive to the term of 2 to 4 years, and otherwise affirmed.

Defendant's motion to suppress physical evidence and identification testimony was properly denied. Contrary to defendant's argument, the People properly established (see, CPL 710.60 [4]; compare, People v Rose, 219 AD2d 564, lv denied 87 NY2d 850, with People v Gonzalez, 80 NY2d 883) the fact that the defendant was apprehended by civilians, by presenting an officer's testimony as to his conversation with the complainant, as well as a sufficiently self-authenticating 911 tape (see, People v Lynes, 49 NY2d 286).

Contrary to defendant's contention, the record, in its entirety, reveals that he knowingly, voluntarily and intelligently waived his right to be present at sidebar conferences with prospective jurors and that such waiver was not invalid merely because it was expressed by counsel rather than in defendant's own voice (see, People v Vargas, 88 NY2d 363; People v Diaz, 246 AD2d 397).

We find the sentence imposed excessive to the extent indicated.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.