■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS PEREZ, Appellant. [688 NYS2d 2] —Judgment, Supreme

Court, Bronx County (Ira Globerman, J.), rendered April 4, 1995, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the predicate felony adjudication and sentence and substituting a sentence of 5 to 15 years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and identification.

Defendant was not deprived of his right to be present at a material stage of the proceedings since the totality of the record and the logical inferences to be drawn therefrom establish that counsel, while in defendant's presence, validly waived defendant's right to be present at the conference at issue (*see, People v Samad*, 248 AD2d 141, *lv denied* 92 NY2d 905).

Defendant has failed to preserve for appellate review his constitutional contentions with respect to the court's preclusion of hearsay evidence (*People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the hearsay evidence offered by defendant was properly excluded because it was neither exculpatory nor critical to defendant's misidentification defense (*see, People v Clark*, 178 AD2d 258, *lv denied* 79 NY2d 999).

We perceive no abuse of sentencing discretion and find that the sentence was not based on any improper criteria. However, the court erred in adjudicating defendant a second felony offender (Penal Law § 70.06 [1] [b] [ii]), and, although this issue is unpreserved, we vacate that adjudication and reduce defendant's sentence accordingly.

We have considered and rejected defendant's remaining claims. Concur—Ellerin, P. J., Nardelli, Williams and Rubin, JJ.