■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTRO, Appellant. [695 NYS2d 306] —Judgment, Supreme Court, New York County (Patricia Williams, J., on motion to file late alibi notice; Sheila Abdus-Salaam, J., at jury trial and sentence), rendered June 1, 1995, convicting defendant of attempted murder in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of imprisonment of from $3^{1}/_{3}$ to 10 years, 5 to 10 years, $1^{1}/_{2}$ to $4^{1}/_{2}$ years, 1 to 3 years and 1 to 3 years, respectively, unanimously affirmed.

Order, Supreme Court, New York County (Antonio Brandveen, J.), entered on or about October 23, 1998, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel, unanimously affirmed.

We previously held defendant's appeal from the judgment of conviction in abeyance pending the determination of a motion pursuant to CPL 440.10 on the issue of ineffective assistance of counsel (249 AD2d 171). That motion has now been denied and defendant's appeal therefrom consolidated with his appeal from the judgment of conviction.

On the day of trial, nearly a year after the arrest, defense counsel moved to file a late notice of alibi pursuant to CPL 250.20. The only reasons given for this late notice were simple forgetfulness, and an unexplained failure to interview the prospective witnesses until the eve of trial. We find that the court properly exercised its discretion in denying the motion under these circumstances (*People v Bernard*, 210 AD2d 419, *lv denied* 85 NY2d 906).

We also agree with the denial of defendant's CPL 440.10 motion and the court's findings that at defendant's arraignment the only defense mentioned was misidentification; that defen-

dant did not provide counsel with the names of the purported alibi witnesses until the first day of trial; and, in light of the uncertain value of the proposed alibi testimony and defense counsel's vigorous pursuit of the misidentification defense, that trial counsel's failure to file a timely notice of alibi did not deprive defendant of the effective assistance of counsel (*People v Alvarez*, 223 AD2d 401, *lv denied* 88 NY2d 980; *see, People v Hobot*, 84 NY2d 1021, 1024).

Moreover, given the defendant's failure to provide sworn allegations of fact to support his vague claim of possible alibi witnesses and the nature of their testimony, the court properly denied his CPL 440.10 motion without a hearing. Concur—Sullivan, J. P., Rosenberger, Tom, Rubin and Andrias, JJ.