■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC NICHOLSON, Appellant. [704 NYS2d 432] —Judgment unanimously affirmed. Memorandum: Defendants were tried jointly and convicted of robbery in the first degree (Penal Law § 160.15) in connection with the robbery of a person who was known to both defendants. County Court properly denied defendants' motions to set aside the verdict without conducting a hearing (*see,* CPL 330.30 [3]). Although the victim of the robbery submitted an affidavit in which he stated that he believed that defendant Isaac Nicholson was innocent of the robbery, the affidavit is not new evidence and does not constitute a recantation of the victim's trial testimony. Although the victim's belief in Nicholson's guilt may have changed, the evidence of Nicholson's accessorial liability is not affected by the affidavit. Thus, it cannot be said that Nicholson or defendant Curtis M. Jones would receive a more favorable verdict at a retrial (*see, People v Jackson,* 238 AD2d 877, 878, *lv denied* 90

NY2d 859). Furthermore, the contention of defendants that they were deprived of their right to call witnesses and prepare a defense is without merit. In an attempt to impeach the credibility of the victim, defendants sought to introduce the testimony of a witness that the victim informed her that he was unsure of the identity of the people who robbed him. However, defendants failed to cross-examine the victim about that alleged statement and thus failed to lay the proper foundation for the proposed testimony (*see, People v Duncan,* 46 NY2d 74, 80-81, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646; *see generally,* Prince, Richardson on Evidence § 6-411 [Farrell 11th ed]). Defendants' attempt to introduce evidence that the victim was a drug dealer and intended to defraud his insurance company bore only upon the victim's credibility. Thus, the court properly excluded the evidence as collateral (*cf., People v Cade,* 73 NY2d 904, 905).

We reject the contention of Jones that he was denied effective assistance of counsel because the first attorney who represented him failed to file a notice of alibi witness. The proposed alibi testimony is of "uncertain value" (*People v Castro,* 263 AD2d 373, 374, *lv denied* 94 NY2d 821). Finally, the contention of defendants that they were denied effective assistance of counsel because their first attorney failed to advise them of their right to testify before the Grand Jury is based upon information outside the record and is therefore properly addressed in a motion pursuant to CPL 440.10 (*see, People v Parker,* 220 AD2d 815, 817, *lv denied* 87 NY2d 1023; *see also, People v Speed,* 226 AD2d 1090, 1091, *lv denied* 88 NY2d 969). (Appeal from Judgment of Erie County Court, Rogowski, J.— Robbery, 1st Degree.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.