*211 OPINION OF THE COURT
Gerald Harris, J.
Defendant Ruben Hernandez (Hernandez) is charged with one count of Penal Law § 221.10 (1), criminal possession of marijuana in the fifth degree.
The complaint alleges that the defendant was observed by the arresting officer holding a plastic bag containing several smaller bags of marijuana open to public view. The complaint further alleges that the officer recovered the bag from a set of bushes where the officer saw defendant place it.
Defendant moves to reargue his motion to suppress the evidence or, in the alternative, for a Dunaway/Mapp hearing. The court denied that motion without a hearing, on October 17, 2001, finding that the defendant had failed to state facts in his moving papers which established standing to maintain the motion or to raise factual issues requiring a probable cause hearing.
In his original moving papers defendant, through his attorney, asserted that he “was merely standing on the sidewalk * * *” when he “was seized and searched * * *” without probable cause. Defendant also argued that he had “standing to contest the search because [he] swears that [he] was in possession of the property when he was seized.”
Defendant’s motion to reargue is granted. Upon reargument the original decision of the court is adhered to for the following reasons.
In order to establish standing, defendant has the burden of showing that he had a legitimate privacy interest in the bag containing the marijuana or the area searched. (People v Ramirez-Portoreal, 88 NY2d 99 [1996]; People v Ponder, 54 NY2d 160 [1981].) Where defendant’s moving papers fail to assert sufficient facts to support a claim of standing, the motion may be denied without a hearing. (People v Gomez, 67 NY2d 843 [1986]; People v Omaro, 201 AD2d 324 [1st Dept 1994]; Kamins, New York Search and Seizure, at 474, 479.)
Here, defendant’s motion papers allege only that “the property” was in his possession when he was seized. Even if it is assumed that defendant’s reference to “property” was intended to refer to marijuana, the allegation fails to demonstrate a legitimate privacy interest sufficient to confer standing. Thus, defendant does not contradict the allegation in the complaint, that the marijuana was recovered from the bushes nor does he assert that it was taken from his person. Further, defendant does not allege that he placed the marijuana in the bushes *212 with an expectation of privacy and without an intent to abandon.
In fact, defendant makes no mention of the bushes and gives no detail as to the place from which the marijuana was recovered. Given the comparatively full detail of the complaint, it would be reasonable to expect that defendant would specify whether the marijuana was taken from his person or from the bushes where, as it is alleged in the complaint, he was seen to place it. Accordingly, defendant has failed to allege facts from which a subjective expectation of privacy may be inferred.
Even if defendant had acknowledged that the marijuana was recovered from the bushes, and alleged placing it there without intent to abandon, defendant would still lack standing since, from an objective perspective, leaving bags of marijuana in bushes outside of a building on a public street would not demonstrate a legitimate expectation of privacy. Rather, such an act would be entirely consistent with abandonment of the contraband as a matter of law. (People v Ramirez-Portoreal, supra; People v Reilly, 273 AD2d 143 [1st Dept 2000].)
Finally, even if standing is assumed and, manifestly, it should not be, defendant has failed to allege facts creating a dispute as to the existence of probable cause sufficient to warrant a hearing. It might be otherwise if defendant had alleged that the marijuana was not open to view and was seized from his person and not from the bushes; or that he had placed the marijuana in the bushes with an expectation of privacy and intention to retrieve, thus putting at issue whether there had been an abandonment. But in his moving papers defendant makes no such allegations and, even in his motion to reargue, again fails to allege facts that would put in dispute the allegations of the complaint. At the very least, defendant, to be entitled to a hearing, should have alleged that he did not place the marijuana in the bushes or that he did so but did not intend to abandon it (or assert some other facts from which an issue of his continued interest and control of the contraband could be inferred consistent with a legitimate expectation of privacy). (People v Omaro, supra at 325 [motion to suppress properly denied without a hearing where defendant failed to plead facts supporting any expectation of privacy. “Since the People were obviously justifying the search on an abandonment theory, it was incumbent upon defendant to set forth a specific alternate scenario which, if credited, would have warranted suppression”].)
*213 For the reasons set forth above, and after reargument, defendant’s motion to suppress evidence or, alternatively, for a Dunaway /Mapp hearing is denied.