■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL VANDERBUSH, Appellant. [751 NYS2d 804] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered December 19, 2001, convicting defendant after a jury trial of offering a false instrument for filing in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to the Ontario County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of offering a false instrument for filing in the first degree (Penal Law § 175.35) in connection with an application for public assistance benefits. His alleged fraud was the failure to indicate on the application that he was living with another person. Defendant contends that, based upon the exculpatory testimony of that person, County Court erred in denying his request for a charge-down to the lesser included offense of offering a false instrument for filing in the second degree (§ 175.30). We disagree. A court is required to

submit a lesser included offense to the jury only if a reasonable view of the evidence would support a finding that the defendant committed the lesser offense and not the greater offense (*see* CPL 300.50 [1]; *People v Glover*, 57 NY2d 61, 64). Here, a reasonable view of the evidence would not support such a finding because the exculpatory testimony, if believed, would negate the element of knowledge common to both degrees of offering a false instrument for filing. The remaining arguments raised by defendant in support of his contention are raised for the first time on appeal and thus are not preserved for our review (*see People v Rose*, 219 AD2d 564, 565, *lv denied* 87 NY2d 850; *see also People v Gray*, 86 NY2d 10, 19). We reject defendant's further contentions that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495; *People v Stumbrice*, 194 AD2d 931, 932-934, *lv denied* 82 NY2d 727).

Defendant also contends that he was denied a fair trial by comments made by the prosecutor on summation. We conclude that the comments to which defendant objected did not constitute misconduct. Defendant failed to preserve for our review his contention that he was denied a fair trial by other comments made by the prosecutor on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.