Matter of J.A. (2007 NY Slip Op 52371(U))

[*1]

Matter of J.A.

2007 NY Slip Op 52371(U) [18 Misc 3d 1101(A)]

Decided on December 7, 2007

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 7, 2007

Family Court, Nassau County
In the Matter of J.A., A
Person Alleged to be a Juvenile Delinquent, Respondent.
XXX/07

MARY NEGGIE, ESQ.
DEPUTY COUNTY ATTORNEY
Family Court Bureau
Attorney for the Presentment Agency
DARRYN SOLOTOFF, ESQ.
ELOVICH & ADELL, ESQS.
Attorney for Respondent

Richard S. Lawrence, J.
The Respondent has been charged with the following acts, which if he were sixteen years of
age, would be:
Robbery in the Second Degree,
§160.10(1) of the Penal Law, a C Felony;
Robbery in the Third Degree,
§160.05 of the Penal Law, a D Felony;
Grand Larceny in the Fourth Degree,
§155.30 (5) of the Penal Law, an E Felony;
Petit Larceny
§155.25 of the Penal Law, an A Misdemeanor; and
Criminal Possession of Stolen Property in the Fifth Degree,
§165.40 of the Penal Law, an A Misdemeanor.
The Respondent now moves this Court by way of omnibus motion for Orders granting the
following relief:
1).Pursuant to Criminal Procedure Law §710.20, suppressing any physical evidence
attributable to the Respondent and seized in violation of his constitutional rights, or in the
alternative, for a Mapp hearing;
[*2]
2). Pursuant to Criminal Procedure Law §710.20,
suppressing identification testimony of prospective witnesses made in violation of the
Respondent's constitutional rights, or in the alternative, for a Wade hearing;
3). Pursuant to Civil Practice Law and Rules §200.95(a) supplementing the
Presentment Agency's bill of particulars previously served upon the Respondent;
4). Pursuant to Criminal Procedure Law §240.40, directing the Presentment Agency to
permit the Respondent to discover and inspect certain items;
5). Ordering the Presentment Agency to supply all evidence or information that could
exculpate Respondent;
6). Extending the Respondent's time to serve a notice of alibi pursuant to Civil Practice Law
and Rules §250.20 and/or to permit late service of same;
7). Dismissing the petition as defective pursuant to Criminal Procedure Law §170.30
(1) and/or §170.35; and
8). For any such further relief as deemed appropriate by the Court.
Suppression of Physical Evidence
The Respondent first seeks an Order pursuant to Criminal Procedure Law §710.20
suppressing any physical evidence attributable to the Respondent and seized in violation of his
constitutional rights, or in the alternative, for a hearing pursuant to Mapp v. Ohio, 367
US 643 (1961). [FN1] The
Respondent denies that he was involved in any criminal activity, and there was no reasonable
suspicion to believe he was involved in any illegal behavior. As such, the Respondent stresses
that there was no legitimate basis to "seize" him, and any property taken from him at the time of
his arrest should now be suppressed.
Although not raised by the Presentment Agency, this Court notes that the Respondent has not
filed an affidavit with his omnibus motion, as required by Criminal Procedure Law
§710.60(3)(b), which states that:

The court may summarily deny the motion if the sworn allegations of fact do not as
a matter of law support the ground alleged; except that this paragraph does not apply where the
motion is based upon the ground specified in subdivision three or six of section
710.20.
[*3]
Thus, while an affidavit
made upon personal knowledge by the respondent (or defendant) need not be supplied with
respect to a Wade hearing (United States v. Wade, 338 US 218 (1967)) or a
Huntley hearing (People v. Huntley, 15 NY2d 72 (1965)), it must be supplied
with regard to a Mapp hearing (Mapp v. Ohio, 367 US 643 (1961). See
People v. Mendoza, 82 NY2d 415 (1993), which stands for the proposition that the trial
court may deny the motion upon finding the moving papers defective or legally insufficient, even
if the Presentment Agency has not raised that point.
Notwithstanding, on September 24, 2007, the Presentment Agency served a Voluntary
Disclosure Form upon the Respondent, which indicated that there was property seized from the
him at the time of the arrest. However, the Presentment Agency now concedes that upon further
investigation, no such property is known to exist. In view of this admission by the Presentment
Agency, the issue of suppression is moot.
Suppression of Identification Testimony
The Respondent next requests that an Order be made pursuant to Criminal Procedure Law
§710.20 suppressing identification testimony of prospective witnesses in violation of the
Respondent's constitutional rights, or in the alternative, for a Wade hearing, pursuant to
United States v. Wade, 388 US 218 (1967).
The Presentment Agency opposes this application, noting that a police arranged
identifi-cation procedure was not used to identify Respondent in this case and emphasizes that
the Voluntary Disclosure Form ("VDF") provides that this identification was merely a "point out"
to the police.
Family Court Act §330.2(2) provides that whenever the Presentment Agency intends
to offer at a fact-finding hearing evidence described in Criminal Procedure Law §710.20, it
must serve upon the Respondent notice of such intention within fifteen days after the conclusion
of the initial appearance, or before the fact-finding hearing, whichever occurs first. A review of
the court file shows that a Voluntary Disclosure Form was served upon the Respondent on
September 24, 2007, which was the date of the initial appearance.
However, as stressed the Presentment Agency, the Voluntary Disclosure Form does not state
that the identification of the Respondent was due to a police arranged identification procedure;
rather it was a "point out" to the police.
A Wade hearing is properly denied when a witness identification is not police
arranged.For example, in People v. Rumph, 248 AD2d 142 (1st Dept. 1998), the
appellate court found that the trial court properly denied defendant's motion to suppress
identification testimony without a hearing. The court had sufficient information before it to
conclude that the identification procedure was witness initiated and was not subject to police
suggestiveness where the victim stated that she saw defendant on the street two days after the
robbery, called the police, and pointed defendant out to them when they arrived. Compare 
People v. Rose, 219 [*4]AD2d 564 (1st Dept. 1995); and 
People v. Omaro, 201 AD2d 324 (1st Dept. 1994).
In the matter at bar, the complainant's supporting deposition, dated July 22, 2007, states that
while the identification of the co-Respondent was the subject of a police arranged identifi-cation
procedure, the identification of the Respondent here was not. The complainant's deposi-tion
states that he identified the Respondent when he viewed the Respondent walking out of his
home, and it was at that moment that the alleged victim contacted the police. The identification
was therefore not police initiated or arranged and the Respondent is not entitled to a
Wade hearing or suppression of this identification.
Supplementing Presentment Agency's Bill of Particulars
The Respondent next requests an order pursuant to Civil Practice Law and Rules
§200.95 (a) supplementing the Presentment Agency's bill of particulars previously served
upon the Respondent as to certain information.
This Court will deem the reference to Civil Practice Law and Rules as an inadvertent
typographical error, in so far as there is no such provision in the Civil Practice Law and Rules,
and that the Respondent is instead referring to Criminal Procedure Law §200.95 (although
Criminal Procedure Law § 200.95 (a) does not exist).
The Respondent has not provided this Court with any authority to support his request, and
this Court's own research has not yielded any precedent to grant this relief. However, the
Respondent may serve his own requests for discovery as provided by either the Family Court Act
or Criminal Procedure Law.
Discovery and Inspection
The Respondent requests an order granting discovery and inspection of certain items
pursuant to Criminal Procedure Law §240.40.
First, Family Court Act § 303.1, headed, "Criminal procedure law," states:

1. The provisions of the criminal procedure law shall not apply to proceedings
under this article unless the applicability of such provisions are specifically prescribed by this act.

2. A court may, however, consider judicial interpretations of appropriate provisions of the
criminal procedure law to the extent that such interpretations may assist the court in interpreting
similar provisions of this article.
While the Court may thus consider the
Criminal Procedure Law, the Family Court Act [*5]provides for
discovery upon demand or upon court order.
Family Court Act §331.2, headed "Discovery; upon demand of a party," provides that:

1. Except to the extent protected by court order, upon a demand to produce by a
respondent, the presentment agency shall disclose to the respondent and make available for
inspection, photography, copying or testing, the following property:
(a) any written, recorded or oral statement of the respondent, or by a co-respondent, made, other
than in the course of the criminal transaction, to a public servant engaged in law enforcement
activity or to a person then acting under his direction or in cooperation with him;
(b) any transcript of testimony relating to the proceeding pending against the respondent, given
by the respondent, or by a co-respondent, before any grand jury;
(c) any written report or document, or portion thereof, concerning a physical or mental
examination, or scientific test or experiment, relating to the proceeding which was made by, or at
the request or direction of a public servant engaged in law enforcement activity or which was
made by a person whom the presentment agency intends to call as a witness at a hearing, or
which the presentment agency intends to introduce at a hearing;
(d) any photograph or drawing relating to the proceeding which was made or completed by a
public servant engaged in law enforcement activity, or which was made by a person whom the
presentment agency intends to call as a witness at a hearing, or which the presentment agency
intends to introduce at a hearing;
(e) any other property obtained from the respondent or a co-respondent;
(f) any tapes or other electronic recordings which the presentment agency intends to introduce at
the fact-finding hearing, irrespective of whether such recording was made during the course of
the criminal transaction;
(g) anything required to be disclosed, prior to the fact-finding hearing, to the respondent by the
presentment agency, pursuant to the constitution of this state or of the United States; and
(h) the approximate date, time and place of the offense charged and of respondent's
arrest.
It is only upon the refusal of the Presentment Agency to comply
with such a demand that the Respondent may bring a motion pursuant to Family Court Act
§331.3, for court ordered discovery. The Respondent here has not demonstrated that such a
demand was made prior to the instant application. As such, the request for court ordered
discovery is denied.
Presentment Agency's Obligation to Supply Respondent with Exculpatory
Information
[*6]
The Respondent requests that the Presentment Agency be
ordered to provide, on a continuing basis, all evidence or information which could exculpate the
Respondent, pursuant to Brady v. Maryland,373 US 83 (1963), People v. Rosario,
9 NY2d 286 (1961) and People v. Wright, 86 NY2d 591 (1995).
The Presentment Agency, as stated in its papers, is aware of its continuing obligation to turn
over Brady material to the Respondent. According to the Presentment Agency, no such
information is known at this time. While the Presentment Agency objects to the "early
dis-closure" of Rosario material, it is obligated to turn over such information prior to the
fact-finding hearing. See People v. Rosario, supra.
Notice of Alibi
The Presentment Agency served a demand for a notice of alibi pursuant to Family Court Act
§ 335.2, by way of its Voluntary Disclosure Form, on September 24, 2007 (the date of the
initial appearance).
The Respondent now requests an Order extending his time to serve a notice of alibi pursuant
to Civil Practice Law and Rules § 250.20, or in the alternative, to permit late service of
same. The Respondent states that no harm could result from late service, and that although a
notice of alibi was not served, it was discussed at a conference.
Although the Respondent has not timely filed a notice of alibi in this case, the Present-ment
Agency does not oppose the application.
This Court shall first deem the reference to Civil Practice Law and Rules a typographical
error, and deem the Respondent's request pursuant to the Criminal Procedure Law. Criminal
Procedure Law §250.20 (1), headed "Notice of alibi," provides:

At any time, not more than twenty days after arraignment, the people may serve
upon the defendant or his counsel, and file a copy thereof with the court, a demand that if the
defendant intends to offer a trial defense that at the time of the commission of the crime charged
he was at some place or places other than the scene of the crime, and to call witnesses in support
of such defense, he must, within eight days of service of such demand, serve upon the people,
and file a copy thereof with the court, a "notice of alibi," reciting (a) the place or places where the
defendant claims to have been at the time in [*7]question, and (b)
the names, the residential addresses, the places of employment and the addresses thereof of every
such alibi witness upon whom he intends to rely. For good cause shown, the court may extend
the period for service of the notice.
Family Court Act § 335.2 (1)
headed, "Notice of alibi" similarly provides:
At any time not more than fifteen days after the conclusion of the initial appearance and
before the fact-finding hearing the presentment agency may serve upon the respondent and file a
copy thereof with the court, a demand that if the respondent intends to offer a

defense that at the time of the commission of the crime charged he was at some
place or places other than the scene of the crime, and to call witnesses in support of such defense,
he must within ten days of service of such demand, serve upon such agency, and file a copy
thereof with the court, a "notice of alibi", reciting; (a) the place or places where the respondent
claims to have been at the time in question, and (b) the names, the residential addresses, the
places of employment and the addresses thereof of every such alibi witness upon whom he
intends to rely. For good cause shown, the court may extend the period for service of the
notice.
Thus, it is within the court's discretion whether to extend the period in
which the respondent may file a notice of alibi, upon good cause shown by the respondent. See
People v. Jiminez, 36 AD3d
962, 964 (3rd Dept. 2007) for the proposition that the trial court has the discretion to extend
the period in which the defendant must file and serve a notice of alibi.Here, as stated by the
Respondent, the notice of alibi was discussed at the last court conference. A lengthy amount of
time has not passed such that late notice would serve to prejudice the Presentment Agency.
Compare People v. Castro, 263 AD2d 373 (1st Dept. 1999), in which the trial court
properly exercised its discretion in denying an application to file a late notice of alibi pursuant to
Criminal Procedure Law §250.20, on the eve of trial, almost a year after the arrest, and the
only reasons given were an unexplained failure to interview witnesses and simple forget-fulness.
Although the Respondent only offers that the notice of alibi was discussed at the last court
conference, based upon the consent of the Presentment Agency, this Court, in its discretion, shall
allow a late notice of alibi to be served on or before December 21, 2007.

Dismissal of the Petition
The Respondent finally requests that an Order be made dismissing the juvenile delinquency
petition as fatally defective pursuant to Criminal Procedure Law § 170.30 (1) and/or
§ 170.35.
Family Court Act § 303.1, headed, "Criminal procedure law," states:

1. The provisions of the criminal procedure law shall not apply to proceedings
under this [*8]article unless the applicability of such provisions
are specifically prescribed by this act.

2. A court may, however, consider judicial interpretations of appropriate provisions of the
criminal procedure law to the extent that such interpretations may assist the court in interpreting
similar provisions of this article.
Again, although this provision permits consideration of the criminal procedure
law, a motion to dismiss a motion to dismiss a juvenile delinquency petition is more properly
brought pursuant to Family Court Act § 311.2.

Family Court Act §311.2, headed, "Sufficiency of petition," provides: 

A petition, or a count thereof, is sufficient on its face when:

1. it substantially conforms to the requirements prescribed in section 311.1; and

2. the allegations of the factual part of the petition, together with those of any supporting
depositions which may accompany it, provide reasonable cause to believe that the respondent
committed the crime or crimes charged; and

3. non-hearsay allegations of the factual part of the petition or of any supporting depositions
establish, if true, every element of each crime charged and the respondent's commission
thereof.
Importantly, Family Court Act §311.1(3)(h) requires that a
petition must contain:

a plain and concise factual statement in each count which, without allegations of an
evidentiary nature, asserts facts supporting every element of the crime charged and the
respondent's commission thereof with sufficient precision to clearly apprise the respondent of the
conduct which is the subject of the accusation.
Here, the Respondent argues
that the petition should be dismissed because the supporting deposition of the complainant, C.E.,
does not state that the Respondent was present when Ms. E. was allegedly assaulted and robbed
by Mr. S.; and it does not disclose that the Respondent took anything from the complainant,
merely stating, "taken from me was a wallet containing about $200.00, a medical insurance card,
a Metro card, and a Great Neck South High School I.D. The value of the wallet was about $20.00
Also taken from me was a white metal chain with a New York Yankees logo medallion valued at
about $105.00."
Despite the Respondent's contentions, a review of the supporting depositions, taken together,
is sufficient to legally substantiate the crimes charged. While the petition does not [*9]specifically set forth that the Respondent took the complainant's
wallet, its contents and chain, the petition alleges that the Respondent acted in concert with
others. Accordingly, as the Respondent was charged as acting in concert, the petition and
supporting depositions comport with the requirements as set forth in Family Court Acts
§311.2 and §311.1(3)(h). This portion of the Respondent's motion is therefore
denied.
The parties and counsel are directed to appear for a fact-finding conference on December 11,
2007, at 9:00 am.
This constitutes the Decision and Order of this Court.
Dated: December 7, 2007.
TO:

Footnotes

Footnote 1: Family Court Act §330.2,
headed "Suppression of evidence" permits a respondent in a juvenile delinquency proceeding to
make a motion to suppress evidence in accordance with Criminal Procedure Law §710.20.