(February 25, 2016)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL McGEE, Appellant. [26 NYS3d 38]—

Appeal from judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 9, 2012, as amended July 24, 2012, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, held in abeyance, and the matter remanded for a *Wade* hearing on defendant's suppression motion.

Defendant argues that the court erred in denying, without a hearing, his motions to suppress the cell phone he was alleged to have stolen from the victim, and the victim's identification of defendant, which, according to the People, was the product of an "inadvertent observation" that occurred when the victim was waiting in a police car to go into the precinct and defendant was brought to the precinct by officers. Preliminarily, it should be noted that the motion court, in denying a *Dunaway/ Mapp/Wade* hearing, did not comply with the requirement of CPL 710.60 (6), to "set forth on the record its findings of fact, its conclusions of law and the reasons for its determination."

The court, however, erred only in denying a *Wade* hearing. While such a hearing is not required where a court has sufficient information "to conclude, as a matter of law, that the confrontation between the witness and defendant was either unarranged, or was arranged independently of the police" (*People v Omaro*, 201 AD2d 324, 325 [1st Dept 1994]), that was not the case here. The question whether the coincidence of the victim's presence in a police car outside the precinct and defendant's arrival at the precinct in police custody constituted a police-arranged procedure was a fact question that defendant was entitled to have resolved at a hearing (*see People v Dixon*, 85 NY2d 218, 222-223 [1995]; *see also People v Clark*, 85 NY2d 886, 888-889 [1995]).

The court correctly denied defendant's application for a

*Mapp/Dunaway* hearing, as none of defendant's allegations contradicted the People's submission explaining that the officers witnessed the crime and then pursued the observed perpetrator, who discarded the allegedly stolen cell phone in the course of his flight. Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.